P. & F. CORBIN, *vs.* THOMAS TRACY AND ANOTHER.

A court of chancery will not decree the specific performance of a contract for the sale of personal property where a compensation in damages is a complete and adequate remedy.

But where a compensation in damages is not an adequate remedy, a court of chancery will decree such specific performance in the case of personal property as much as in that of real estate.

Specific performance of a contract for the sale of a patent decreed.

De stamping of a contract by the United States Collector, where stamp omitted by inadvertence.

BILL in equity, brought by the petitioners, a joint stock corporation, to the superior court for Hartford county, to compel the specific performance of a contract to assign a patent right.   The superior court (*Loomis, J.*) passed a decree in favor of the petitioners, and the respondents filed a motion for a new trial and a motion in error.   The case is sufficiently stated in the opinion.

*C. E. Perkins,* in support of the motions.

*Hubbard* and *C. E. Mitchell,* contra.

CARPENTER, J.   It appears that the contract set out in the plaintiffs' bill was not, at the time of its execution, duly

stamped pursuant to the laws of the United States.  On the 26th day of March, 1867, the collector of the first collection district of this state caused said instrument to be stamped, and then and there entered upon its margin the following certificate.

"I have this day affixed the proper stamp, required by law, to this instrument, and satisfactory evidence having been furnished that the omission to affix a stamp at the proper time was the result of inadvertence, and without design to evade the law, the penalty is remitted.  Hartford, March 26, 1867.
H. A. GRANT, *Collector.*"

To the admission of this instrument, thus stamped, in evidence, the respondents objected, but the court received it. The correctness of this ruling is the only question presented by the motion for a new trial.

The law of the United States, (Statutes at Large, 1865–6, page 142,) makes the instrument, if executed without a stamp, "with intent to evade the provisions of this act," "invalid and of no effect."  The act further provides that the collector of the revenue shall, upon the payment of the price of the proper stamp required by law, and of a penalty of fifty dollars, affix the proper stamp to such instrument, and note upon the margin thereof the date of his so doing, and the fact that such penalty has been paid; and the same shall thereupon be deemed and held to be as valid, to all intents and purposes, as if stamped when made or issued.  But this provision does not apply to this case as the respondents seem to suppose ; for there is no pretense that this instrument was executed without a stamp with the intent to evade the provisions of this act, but, on the contrary, the proper officer has expressly found that the omission to fix stamps was the result of inadvertence, and without design to evade the law.

There is, however, a proviso in the act, which is applicable to this case.  That proviso is as follows : "That when it shall appear to said collector, upon oath or otherwise, to his satisfaction, that any such instrument has not been duly stamped at the time of making or issuing the same, by reason of accident, mistake, inadvertence, or urgent necessity, and without

any willful design to defraud the United States of the stamp, or to evade or delay the payment thereof, then and in such case, if such instrument, &c., shall within twelve calendar months after the first day of August, eighteen hundred and sixty six, or within twelve calendar months after the making and issuing thereof, be brought to the said collector of revenue to be stamped, and the stamp tax chargeable thereon shall be paid, it shall be lawful for the said collector to remit the penalty aforesaid, and to cause such instrument to be duly stamped." The act further provides that such instrument "may be used in all courts and places in the same manner and with like effect as if the instrument had been originally stamped."

The certificate of the collector brings this case within the spirit and letter of this part of the act, and the contract was properly received in evidence.

A new trial is not advised.

2. Under the motion in error, it is objected that the petitioners have not made out a case for the interference of a court of equity,—that courts of equity in this state will not interfere to enforce agreements to sell personal property, unless the circumstances are such as to make a trust, because there is in such a case a remedy at law, by an action for damages.

The objection assumes that there is a distinction, in questions of this character, between real and personal property. If any such distinction exists, it does not go to the extent claimed.

The ground of the jurisdiction of a court of equity in this class of cases, is, that a court of law is inadequate to decree a specific performance, and can relieve the injured party only by a compensation in damages, which, in many cases, would fall far short of the redress which his situation might require. Whenever, therefore, the party wants the thing in specie, and he cannot otherwise be fully compensated, courts of equity will grant him a specific performance. They will decree the specific performance of a contract for the sale of lands, not because of the peculiar nature of land, but because a par-

ty cannot be adequately compensated in damages. So in respect to personal estate; the general rule that courts of equity will not entertain jurisdiction for a specific performance of agreements respecting goods, chattels, stocks, choses in action, and other things of a merely personal nature, is limited to cases where a compensation in damages furnishes a complete and satisfactory remedy. 2 Story's Eq. Jur. §§ 717, 718.

The jurisdiction, therefore, of a court of equity does not proceed upon any distinction between real estate and personal estate, but upon the ground that damages at law may not, in the particular case, afford a complete remedy. 1 Story's Eq. Jur., §§ 716, 717, 718 and cases there cited; *Clark* v. *Flint*, 22 Pick., 231. When the remedy at law is not full and complete, and when the effect of the breach cannot be known with any exactness, either because the effect will show itself only after a long time, or for any other reason, courts of equity will enforce contracts in relation to personalty. 3 Parsons on Contracts, (5th ed.) 373.

An application of these principles to the case before us relieves it of all difficulty. The contract relates to a patent right, the value of which has not yet been tested by actual use. All the data by which its value can be estimated are yet future and contingent. Experience may prove it to be worthless; another and better invention may supersede it; or it may itself be an infringement of some patent already existing. On the other hand it may be so simple in its principle and construction as to defy all competition, and give its owner a practical monopoly of all branches of business to which it is applicable. In any event its value cannot be known with any degree of exactness until after the lapse of time; and even then it is doubtful whether it can be ascertained with sufficient accuracy to do substantial justice between the parties by a compensation in damages. On the whole we are satisfied that justice can only be done, in a case like this, by a specific performance of the contract.

There is therefore no error in the decree complained of.

In this opinion the other judges concurred.