### George P. Barton

*v.*

### Calvin De Wolf *et al.*

*Filed at Ottawa November 20, 1883.*

1.  Specific performance—*contracts for sale of personalty.*  To authorize a court of equity to specifically enforce agreements respecting goods, chattels, stocks, choses in action, and other things of a merely personal nature, it must appear or be shown that the remedy at law is inadequate. A court of equity will not exercise jurisdiction when there is a complete and satisfactory remedy at law for damages.

2.  The fact that a purchaser of stock in a corporation is an employee of such corporation, and interested in its success, affords no ground for a specific performance of the contract of sale by a court of equity

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. T. A. Moran, Judge, presiding.

Mr. James S. Murray, for the appellant:

A bill for specific performance will be sustained for the purchase of chattels, when the purchaser has a special object in obtaining the particular thing purchased. It appears that appellant is employed by the company on a salary, that his brother is secretary, and that fifteen out of the thirty-four stockholders were employed by the company, and that the stock is not upon the market, except at rare intervals.   Fry on Specific Per. secs. 36, 37, note; 1 Story's Eq. Jur. secs. 717, 717 a, 718; *Pierce* v. *Plumb,* 74 Ill. 326.

It was contended that De Wolf had the right to revoke the offer he had made after Barton signified his acceptance of it. It is conceded that he might have revoked it before acceptance, but we claim that acceptance within the time given, and before revocation, binds the party.   1 Parsons on Contracts, *480; *Boston and Maine R. R. Co.* v. *Bartlett,* 3 Cush. 224.

Messrs. J. P. & T. R. WILSON, for the appellees:

There was no sufficient tender of the money. *De Wolf* v. *Long,* 2 Gilm. 679; *Doyle et al.* v. *Teas et al.* 4 Scam. 203; *Wright* v. *McNeely,* 11 Ill. 241; *Webster* v. *French et al.* id. 255; *Knox* v. *Light,* 12 id. 86; *Stowe* v. *Russell,* 36 id. 18; *Hartwell* v. *Black,* 48 id. 301.

The appellant is not entitled to a specific performance, because the alleged contract is vague, uncertain, not sufficiently proven, or founded upon mistake,—in either of which cases the court will leave the party to his legal remedy. *Fitzpatrick* v. *Beattie,* 1 Gilm. 554; *Broadwell* v. *Broadwell,* id. 599; *Frisby* v. *Ballance et al.* 4 Scam. 287; *Trailer* v. *Hill,* 2 id. 364; *Johnson* v. *Dodge,* 17 Ill. 433; *Lear* v. *Choteau,* 33 id. 39; *Bowman* v. *Cunningham,* 78 id. 48; *Proudfoot* v. *Wightman,* id. 553; *Fleischman* v. *Moore,* 79 id. 539; *Underwood* v. *Hitchcock,* 2 Ves. 279; *Seymour* v. *Delaney,* 3 Cow. 505.

A specific performance is not decreed as a matter of course, even in cases where there is no mistake, and no failure in proof. It rests in the sound discretion of the court. *Frisby* v. *Ballance et al.* 4 Scam. 287; *Fish* v. *Leser,* 69 Ill. 394; *Alexander* v. *Hoffman,* 70 id. 114; *Hoyt* v. *Tuxbury et al.* id. 331; *Rutherford* v. *Sargent,* 71 id. 339; *Gosse* v. *Jones,* 73 id. 508; *Franz* v. *Orton,* 75 id. 100; *Bowman* v. *Cunningham,* 78 id. 48; *Ralls* v. *Ralls,* 82 id. 243; *Beach* v. *Dyer,* 93 id. 295; *Eastman* v. *Plummer,* 46 N. H. 478; Willard's Eq. Jur. 263.

In almost every case above reported there was no dispute as to the fact or the terms of the contract.

Equity will not usually entertain jurisdiction to enforce specific performance of contracts relating to personal property. Unless some valuable privilege is to be obtained by the purchase of stocks, courts will not compel the specific performance of contracts of purchase, and they will scruti-

nize the nature and character of such valuable privilege. *Pierce* v. *Plumb,* 74 Ill. 326; 3 Parsons on Contracts, 371.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellant filed his bill in the Cook circuit court, for the specific performance of a contract to sell fifty shares of the stock of the Western Electric Manufacturing Company. The shares were for $100 each. It is claimed that appellee De Wolf bargained to sell to appellant the shares, and appellant agreed to receive and pay for them at their par value, but on a tender of the price and a demand of the stock by appellant, De Wolf failed and refused to deliver the shares of stock. On a hearing on the bill, answer and proofs, the court below dismissed the bill. Complainant appealed to the Appellate Court for the First District, where, on a hearing, the decree of the circuit court was affirmed, and the case is brought to this court and a reversal is asked.

The evidence in the case is inharmonious and by no means satisfactory, but in the view we take of the case it will be unnecessary to discuss it. The rule "is not to entertain jurisdiction, in equity, for a specific performance of agreements respecting goods, chattels, stock, choses in action, and other things of a merely personal nature; yet the rule is (as we have seen) a qualified one, subject to exceptions,—or, rather, the rule is limited to cases where a compensation in damages furnishes a complete and satisfactory remedy." (2 Story's Eq. sec. 718.) Thus it is seen that a court of equity will not exercise jurisdiction where there is a complete and satisfactory remedy at law.

There has, as in other cases, been some diversity in the application of the rule. Appellant refers to *Pierce* v. *Plumb,* 74 Ill. 326. That case adopts the same rule as laid down by Story. It was announced in that case that equity would not entertain jurisdiction to enforce a specific performance of a

contract for the sale of chattels where there is an adequate remedy at law. In that case there was a contract, among other things, to transfer $15,000 of railroad stock, and the bill, among other things, sought a specific performance of that portion of the contract, but it was held that there was a complete remedy at law, and the relief sought was denied. To authorize a decree for the performance of such a contract specifically, it must appear that the remedy at law is inadequate. This, from all of the adjudged cases, seems to be indispensable. Then, has appellant brought himself within the exceptional rule? We think not. If there was a contract for the sale of the shares of the stock, and a breach of the contract, he can be fully compensated in damages at law. No such peculiar case is made by appellant as requires a court of equity to interfere. No such special circumstances are shown as to take the case out of the general rule. It is true that it is alleged that this stock is seldom found for sale. That is no doubt true of the stock of a vast number of corporations in the country, and can form no ground for equitable interposition. It is also alleged that most of the stock is held by the employees of the company, and appellant is one of its employees. We do not see that this fact requires a court of equity to depart from the general rule, and decree the relief sought. Appellant must be left to seek his remedy at law, if he has one, where it is complete.

Perceiving no error in the record, the decree of the Appellate Court is affirmed.

*Decree affirmed.*