FRANK S. PADDOCK et al. v. R. W. DAVENPORT.

*Contract — Writing —Seal — Consideration —Damages— Specific Performance—Standing Trees—Personal Property — Offer of Sale—Acceptance.*

1. In an action for damages for breach of a contract for sale of certain timber-trees standing on defendant's land, the plaintiff set up a writing, under seal, containing an offer to sell within sixty days. There was no consideration paid. Within the sixty days the plaintiff offered to go on the land and mark and pay for the trees, according to the terms of the writing. The defendant refused: *Held,* (1) there was a binding contract of sale; (2) the plaintiff's offer was a valid acceptance of the contract; (3) the ruling of the Court below that it was void for want of consideration was error.

2. There being no consideration paid, the defendant's offer might have been withdrawn at any time during the sixty days before it was accepted by the plaintiff.

3. In an action for specific performance of a contract for the sale of timber-trees standing on the defendant's land, it appeared that they were to be severed and converted into personal property; that they had no peculiar value, except the price had risen since the contract and these trees were becoming scarce; that there was a water-course for convenience of transportation, and that plaintiff had purchased other trees near by: *Held,* the plaintiff was not entitled to such relief.

4. Specific performance will be granted where there is a peculiar value attached to the subject of the contract which is compensable in damages, and when the damages at law are so uncertain and unascertainable, owing to the nature of the property or circumstances of the case, that specific performance is indispensable to justice.

This was a CIVIL ACTION, tried before *Philips, J.,* for specific performance, at Fall Term, 1890, of CLAY Superior Court, upon demurrer of defendant. Demurrer was sustained and plaintiffs appealed.

The plaintiffs alleged—

1. That, on or about the 23d day of October, A. D. 1889, the defendant R. W. Davenport contracted in writing, under. seal, for a good and valuable consideration, with one T. S. Arthur, giving to him, the said T. S. Arthur, the exclusive privilege, for sixty days from the date of said contract, of buying all the merchantable poplar, ash and cherry trees standing and growing on two certain tracts of land of said R. W. Davenport, at the price of fifty cents per tree for all merchantable poplar and ash trees, and one dollar per tree for all merchantable cherry trees, said contract being in the following words and figures, to-wit:

"Know all men by these presents, that for and in consideration of fifty cents per tree, on the stump, I, R. W. Davenport, of Clay County, North Carolina, have this day given to T. S. Arthur the exclusive privilege for sixty days of buying all of the merchantable poplar and ash, and $1 for cherry trees; that he, his agents or successors, may select and mark on my two tracts of 300 acres of land, No. 13 and 2456, in district 18; on the waters of Shooting Creek, Towns and Clay County, Georgia, and North Carolina; the said timber to be paid for when it is marked up. I further give said T. S. Arthur or his successors the right-of-way, free of charge, over my lands by a practicable route to get their timber out, and the use of small timbers to build roads and load timber, and when the said timber is paid for, as provided for above, I, R. W. Davenport, herein bind myself, my heirs and lawful assigns to make said T. S. Arthur or his legal representatives a good and lawful deed to said timber. This October 23d, 1889.

(Signed)     R. W. DAVENPORT.   [Seal]."

2. That tract No. 2456, mentioned in said contract, lies in Clay County.

3. That the said T. S. Arthur, for a good and valuable consideration, assigned and transferred to the plaintiffs all

his interest in said contract and the trees described therein. That by the terms of said contract the trees were not to be paid for until they were marked up; that plaintiffs, their servants and their agents, before the expiration of sixty days from the date of said contract, went to the defendant R. W. Davenport and offered to select and mark all the merchantable poplar, ash and cherry trees which were standing and growing on the lands described in said contract, and pay the said R. W. Davenport for same at the price named in said contract, but the said R. W. Davenport refused to permit the plaintiff or either of them or their agents or servants to enter upon said lands for the purpose of selecting and marking said trees, and refused to comply with any of the stipulations contained in said contract. That plaintiffs were then and have ever been ready, able and willing to comply with their part of the contract, and are now ready, willing and able to do so. That since the 23d day of October, 1889, merchantable poplar, ash and cherry trees have greatly enhanced in value and are very scarce, and it is impossible for plaintiffs to buy such trees now at fifty cents per tree for poplar and ash trees, and one dollar per tree for cherry trees. That at the times herein above-mentioned there were standing and growing on the lands described in this complaint one thousand merchantable poplar trees, five hundred merchantable ash trees and five hundred merchantable cherry trees which defendant R. W. Davenport, by his breach of said contract, deprived plaintiffs of taking, holding and possessing, greatly to the damage of plaintiffs, to-wit, in the sum of two thousand dollars.

4. That the defendant J. M. Thrash, with full knowledge of said contract, and with full knowledge of plaintiffs' rights to said timber and trees, has accepted a conveyance from the said R. W. Davenport for said timber and trees, and taken possession of said timber and trees by marking and branding same, and refuses to acknowledge the right of

plaintiffs to said trees, greatly to plaintiffs' damage, to-wit, in the sum of two thousand dollars.

5. That plaintiffs are informed and believe the defendant R. W. Davenport is insolvent, and a judgment against him could not be collected by due process of law.

Wherefore, plaintiffs demand judgment—

1. That defendant R W. Davenport admit plaintiffs so that they may mark up said trees, and that he execute a good and sufficient deed or deeds to plaintiffs for same.

2. That defendant J. M. Thrash be declared a trustee for plaintiffs, and compelled to convey said trees by proper deed to plaintiffs.

3. For two thousand dollars damages.

4. For costs of action and such other and further relief as may be meet and proper.

And for a second cause of action, plaintiffs allege that they, relying upon the faithful performance of said contract by defendant R. W. Davenport, purchased a few other trees of like kind in the immediate neighborhood of said Davenport's land, so that they could be justified in getting said trees out for market or milling; that the lands of defendant R W. Davenport, on which said trees stand, are in the neighborhood of other trees purchased by plaintiffs; are located on a good water-course, and the trees on said lands are much more accessible and easily worked than the trees on the majority of land; that, owing to the large number of trees on defendant Davenport's land, the location of said land as to water, and the nearness of other trees purchased by plaintiffs, the trees on the lands of defendant Davenport would be very valuable to plaintiffs; that, by reason of the breach of the said contract by defendant Davenport, and by reason of the taking possession of and holding said timber and trees by defendant Thrash, and by reason of the enhanced value of such timber and trees on such lands located as the land described in this complaint, and the great scarcity of

such trees and timber located as the timber and trees on the lands of defendant Davenport, set forth in this complaint, and the impossibility for plaintiffs to secure and purchase such timber and trees on lands located as the lands set forth in the contract, plaintiffs have been greatly damaged, to-wit, in the sum of two thousand dollars.

Wherefore, plaintiffs demand judgment—

1. For two thousand dollars damages.

2. For costs of action and such other and further relief as may be deemed just and equitable.

### DEMURRER.

The defendant J. M. Thrash, without waiving the many inaccuracies in the statement of facts, and the omission to state others, demurs to the complaint for that it does not state a cause of action against this defendant in this, to-wit:

1. That the contract or covenant sued upon by the plaintiffs is one inconvenient to the science and contrary to the policy of the law, and void.

2. That this defendant was not a party to the same, as appears from the contract set forth in the complaint.

3. That this defendant is not a proper party to this suit, as the contract set up in the complaint is, at most, a personal covenant on the part of his co-defendant, and not such a contract as could be specifically enforced, even against the original parties.

4. That, as appears from the contract, the same was without consideration.

Wherefore, the defendant asks that plaintiff's action be dismissed, and that the defendant recover of the plaintiffs the costs, to be taxed by the Clerk.

The defendant R. W. Davenport, without waiving the many inaccuracies in the statement of facts, and the omission to state others, demurs to the complaint, for that it does not show a cause of action against him in this, to-wit:

1. That the contract, or pretended contract, set forth in the complaint, as appears upon the face thereof, was without consideration and void.

2. That the same is contrary to the science and against the policy of the law, and void.

3. That, as appears from the instrument therein set out, the contract is at most only a covenant, and not such as can be specifically enforced.

Wherefore, defendant demands judgment whether he shall be compelled to answer the facts alleged in the complaint, and that plaintiff's action be dismissed, and defendant recover his cost.

*Messrs. E. B. Norvell* (by brief) and *T. F. Davidson*, for plaintiff.

*Mr. John Devereux, Jr.*, for defendant.

SHEPHERD, J.: Two causes of action are set out in the complaint—one for damages for breach of the contract, and the other for its specific performance. The Court held, upon demurrer, that neither of the said causes of action could be maintained.

1. As to the cause of action against the defendant Davenport, we think that there was error in the ruling that the contract for the sale of the trees was void for want of consideration.

The paper-writing sued upon is substantially an offer to sell the trees at a certain price within sixty days. There being no consideration for the offer, it could have been withdrawn at any time within the period mentioned before acceptance by the plaintiff. The offer, however, was not so withdrawn, and the plaintiff having accepted it within the stipulated time, it became a binding contract, for the breach of which the said defendant is answerable in damages.

1 Benjamin on Sales, 50, and the numerous cases cited in the notes.

The offer of the plaintiff to pay the price and mark the trees was sufficient, in our opinion, to constitute a valid acceptance. There was, therefore, error in the ruling as to this cause of action.

2. The second cause of action is for specific performance, both against Davenport, who executed the contract, and Thrash, who purchased of him with notice of the claim of the plaintiff.

The true principle upon which specific performance is decreed does not rest, in all cases, simply upon a mere arbitrary distinction as to different species of property, but it is founded upon the inadequacy of the legal remedy by way of pecuniary damages. This principle is acted upon (1) where there is a peculiar value attached to the subject of the contract which is not compensable in damages. The law *assumes* land to be of this character "simply because" (says PEARSON, J., in *Kitchen* v. *Herring,* 7 Ired. Eq., 191) "it is *land,* a favorite and favored subject in England and every country of Anglo-Saxon origin." The law also attaches a peculiar value to ancient family pictures, titles, deeds, valuable paintings, articles of unusual beauty, rarity and distinction, such as objects of *vertu.* A horn, which time out of mind had gone along with an estate and an old silver *patera,* bearing a Greek inscription and dedicated to Hercules, were held to be proper subjects of specific performance. These, said Lord ELDON, turned upon the *pretium affectionis* which could not be estimated in damages. So for a faithful family slave, endeared by a long course of service or early association, Chief Justice TAYLOR remarked that "no damages can compensate; for there is no standard by which the price of the affections can be adjusted and no scale to graduate the feelings of the heart." *Williams* v. *Howard,* 3 Murphy, 74 (80).

The principle is also applied (2) where the damages at law are so uncertain and unascertainable, owing to the nature of the property or the circumstances of the case, that a specific performance is indispensable to justice.

Such was formerly held as to the shares in a railway company, which differ, it was said, from the funded debt of the government in not always being in the market and having a specific value. Also a patent (34 Conn., 325), and a contract to insure (4 Sanf., ch. 408), and like cases.

The general principle everywhere recognized, however, is that except in cases falling within the foregoing principles, a Court of Equity will not decree the specific performance of contracts for personal property; "for," remarks PEARSON, J., in *Kitchen* v. *Herring* (*supra*), "if with money an article of the same description can be bought * * * the remedy at law is adequate." See also Pomeroy Spec. Perf., 14.

Applying these principles to the facts alleged in the complaint, it must follow, we think, that this is not a case which calls for the exercise of the equitable power of the Court. The trees were purchased with a view to their severance from the soil and thus being converted into personal property. It is not shown that they have any peculiar value to the plaintiff, nor does there appear any circumstances from which it may be inferred that the breach of the contract may not be readily compensated for in damages. Neither is it shown that other trees may not be purchased, but it is simply alleged that they are scarce *at the contract price.* The simple fact that they are near a water-course does not alter the case, for the conveniences of transportation are elements. which may be considered in the estimation of the damages. Neither is the circumstance that the plaintiff purchased a "few trees of like kind" in the vicinity, sufficient to warrant the equitable intervention of the Court. We can very easily conceive of cases in which contracts of

this kind may be specifically enforced, but we can see nothing in this complaint which calls for such extraordinary relief. The ruling of the Court, as to this branch of the case is sustained.

As to the other cause of action, it is reversed.

Reversed.