## Joseph P. Davenport v. Plano Implement Co.

1. STOCK—*Of Corporations—When it May Be Paid for in Property.*—As between the corporation and its stockholders, stock may be paid for in property at money's worth, as well as in money, when all the elements of the transaction are fair, honest and open.

2. EQUITY PLEADING—*Unnecessary Averments.*—When equity is resorted to for the purpose of compelling the performance of an agreement by a corporation for the exchange of stock for property, there need not be an averment that the property which was the subject of the agreement was of the value of the stock for which it was to be exchanged.

3. SAME—*Prima Facie Case—Sufficiency of the Bill and Burden of Proof.*—A bill which makes out a *prima facie* case for equitable relief under a contract of sale and shifts the burden upon the defendant to show an excuse for non-performance, is not subject to demurrer for not alleging facts which are pure matters of defense.

4. BURDEN OF PROOF—*Non-performance of a Contract.*—In a proceeding in equity to·enforce the performance of a contract, the burden of making out a case of excuse for the non-performance of such contract is upon the defendant.

Bill, for specific performance. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1897. Reversed and·remanded. Opinion filed May 6, 1897.

F.·W. BENNETT, attorney for appellant.

SLUSSER & JOHNSON, attorneys for appellee.

· MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT..

This appeal is from a decree sustaining appellee's demurrer to and dismissing appellant's amended bill for want of equity.

The object of the bill was to compel the appellee corporation to issue and deliver to appellant a certificate for 180 shares of the paid up capital stock of said corporation of the face value of $9,000.

The bill set up a state of·facts under which the appellant and his partner transferred to the appellee, an agricultural implement manufacturer,.a certain manufacturing plant consisting of machinery, fixtures, patterns and tools, and a stock of manufactured goods, used and made in an agricultural implement business theretofore carried on by themselves as partners, in full payment for 360 shares of the full paid capital stock of the appellee of the par value of

Davenport v. Plano Implement Co.

$18,000, of which the appellant was to have 180 shares of the par value of $9,000, and his partner another like amount.

And such other facts were alleged as to make out a case where, except for such argued reasons as we will later mention, appellant should have had the certificate for his shares of stock issued to him.

It is said that the bill does not allege that appellant paid for his stock in cash, and that the only payment that was alleged being in the form of property, it was necessary to show its value.

Under the averments of the bill particularizing what the property was; that it was inspected by a committee acting in behalf of the appellee, and was accepted and has since been retained and used by the appellee in its business; and that the board of directors of appellee by an express resolution, unanimously adopted, authorized and directed the agreed amount of stock to be delivered to appellant in affirmance of and in accordance with the agreement, no averment of the actual cash value of the property was required.

Stock may be paid for in property at money's worth, as well as in money, when all the elements of the transaction are fair, honest and open.

In this case the allegations of the bill show that the transaction was made upon a full investigation by a committee, and with deliberation and fairness.

Nor was it necessary to show, as argued, that each stockholder assented to the arrangement. The allegation concerning assent and ratification by the shareholders was that the " stockholders or a majority of them ratified" the act of the board of directors.

Whether such an allegation would be sufficiently definite if the assent of the stockholders were an essential prerequisite, need not be considered.

This is not the case of a shareholder who is objecting to the carrying out of a contract *ultra vires* the corporation, to which he did not assent; nor is it one in which a creditor is claiming, in order to make his debt from the corpo-

ration, to inquire into the methods resorted to by stockholders, good, as between themselves and the corporation, to pay for the stock subscribed by themselves. Thayer v. El Plomo Mining Co., 40 Ill. App. 344.

But the case is that of a refusal by a corporation to carry out one of the essential parts of a lawful agreement made by its board of directors to purchase and pay in stock for property which it has received and retains and uses in the conduct of its business, and, where equity is resorted to for the purpose of compelling a full performance of such an agreement, there need not be an averment that the property, which was the subject of the agreement, was of the value of the stock for which it was to be exchanged.

The burden of making out a case of excuse, if there be any in such respect for non-performance, is cast upon the appellee.

A bill that makes out a *prima facie* case for equitable relief under such a contract and shifts the burden upon the defendant to show excuse for non-performance, is not subject to demurrer for not alleging facts which are pure matters of defense.

Again, it is said that the bill is fatally defective in that it does not show that appellant has not a full and adequate remedy at law, and Barton v. DeWolf, 108 Ill. 195, and Pierce v. Plumb, 74 Ill. 327, are relied upon.

But those cases are, in our opinion, far one side of the mark in this case.

Although the bill is loosely and inartificially drawn, its object is plain, and it should be treated, as against a general demurrer, as making a case of conceded ownership by the appellant of the shares in question, and of a denial to him by appellee of his right to have issued to him a certificate of such ownership, as an evidence of his title to what he owns.

According to the averments of the bill, appellant is the equitable, if not the legal, owner of the 180 shares of stock. He has paid for such shares in full, and appellee retains and uses what he paid for them. The agreement between the parties has been fully performed on both sides, except in so

Davenport v. Plano Implement Co.

far as the delivery of the certificates of shares is concerned, and such a delivery is a mere incident to the ownership of the shares. The stock in which the ownership exists is the substance of that which the certificate is but the shadow or evidence of.

While the possession of a certificate by the share owner is not essential to his ownership, it is evidence of ownership, and is such an evidence as every share owner is ordinarily entitled to be furnished with by the corporation, under reasonable regulations.

The object of the bill is not to compel, by specific performance, the corporation to pay for the property purchased and received and held by it—for taken all together the averments of the bill amount to showing that to have been done—but is, as already said, to enforce a delivery to appellant of the usual certificate which shareholders are under the law entitled to receive as evidence of their ownership in the corporation.

Under such circumstances there can be no adequate remedy at law. Appellant could not be entitled to recover the value of the stock which he is already the full owner of for a mere failure to deliver to him a certificate of such ownership.

Damages at law for such a failure would, under the circumstances stated in the bill, be no more than nominal, and would be wholly inadequate to compensate him for the inconvenience and possible loss and deprivation incident to a withholding from him of the certificate that the law regards a share owner to be ordinarily entitled to the possession of.

We regard the bill as presenting a proper case for equitable relief. 3 Pom. Eq. Juris., Sec. 1402.

For convenience of reference, and in support of what we have said about the offices of and right to a certificate of stock, we cite Secs. 14 and 192 of Cook on Stock and Stockholders; Elliott on Priv. Corp. 61 and 78; Morawetz on Priv. Corp., Secs. 56 and 472, and cases there cited.

The decree dismissing appellant's bill is reversed and the cause remanded, with directions to allow appellant to amend his bill if he so desires.