## Henry Olsen et al. v. Frederick E. Anderson.

1. DEFENSES—*When Objection that Complainant Has a Complete and Adequate Remedy at Law, is Available by Answer as a Defense.*—The objection that a complainant has a complete and adequate remedy at law, is available by answer as a defense notwithstanding a demurrer upon the same ground has been overruled.

2. EQUITY JURISDICTION—*Where Relief Can Usually be Had in an Action for Damages.*—Compensation for a breach of contract where the measure of damages is not uncertain or difficult to ascertain, can usually be had in an action for damages, and equity will not take jurisdiction.

3. SAME—*Upon What it Rests.*—The jurisdiction of equity does not proceed upon any distinction as to the subject-matter, whether real estate, personalty or patents, but upon the ground that a suit for damages at law may not afford a complete remedy.

**Bill for Specific Performance of a Written Contract.**—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding, Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded with directions. Opinion filed July 10, 1900.

C. W. GREENFIELD, attorney for appellants.

John H. Lee, attorney for appellee.

Mr. Justice Freeman delivered the opinion of the court.

Appellee filed his bill in the Superior Court to compel specific performance of a written contract for payment of money in consideration of an assignment of letters patent. The bill admits the receipt of part payment, and prays that appellants be compelled to " pay to your orator the remainder of said purchase money with interest on the same from the time said purchase money ought to have been paid."

A demurrer to the bill as finally amended, upon the ground that appellee had an adequate remedy at law, was overruled. Appellants then answered, alleging performance as to one patent, that the contract had been rescinded as to the other, and setting up additional defenses. The answer concludes with an averment " that all and every the matters in complainant's amended bill mentioned and complained of, are matters which may be tried and determined at law, and with respect to which complainant is not entitled to any relief from a court of equity." The objection that complainant has a complete and adequate remedy at law, is available by answer as a defense, notwithstanding a demurrer upon the same ground was overruled. (Black v. Miller, 173 Ill. 489.)    It is insisted upon here.

It is evident that the specific performance sought is payment.   The suit is brought to recover a balance alleged to be due under the contract.   This is substantially the sole purpose of the bill, and nothing appears to indicate that relief, full and adequate, may not be obtained by suit at law, as readily as for merchandise sold and delivered. Compensation for a breach of contract where the measure of damages is not uncertain or difficult to ascertain, can usually be had in an action for damages, and equity will not take jurisdiction.    Barton v. De Wolfe, 108 Ill. 195; Gore v. Kramer, 117 Ill. 176.

But appellee contends that the vendor of a patent may have specific performance, even though his demand be merely for a sum of money; that as the vendee of a patent may have specific performance because the remedy at law is in many

cases inadequate, so the vendor may have the same remedy, because such remedy must be mutual; that a contract for the assignment of a patent belongs to a peculiar class of contracts which equity will compel the parties to perform, according to their terms, on the ground that irreparable injury may be inflicted.

In the case of Eckstein v. Downing, 64 N. H. 248, it is said that the rule of mutuality of remedy originated in England, where there is no limitation upon chancery jurisdiction, except so far as it is fixed and defined by usage.

" For no other reason, apparently, than the arbitrary one that the remedy should be mutual, the rule became established that either party might maintain a bill for specific performance if the other could, although the party bringing the bill could have no other relief than the recovery of the same amount of money or damages, as would be recovered in a suit at law."

And it is there held :

" The mutuality required is that which is necessary for creating a contract enforceable on both sides in some manner, but not necessarily enforceable on both sides by specific performance."

It is undoubtedly true that specific performance of agreements relating to patents, will generally be granted where it appears that the remedy at law is inadequate. But we are not referred to any authority in this State where the English rule has been adopted, and specific performance granted when the remedy at law is adequate, merely because the other party to the contract might, under certain circumstances, maintain a bill for such relief. In Pierce v. Plumb, 74 Ill. 326, the general rule in reference to contracts respecting personalty, is stated to be " that equity will not entertain jurisdiction for a specific performance of such contracts, a compensation in damages being supposed, in such cases, to furnish an adequate remedy."

The jurisdiction of equity does not proceed upon any distinction as to the subject-matter, whether real estate, personalty or patents, " but upon the ground that damages at law may not, in the particular case, afford a complete remedy." Corbin v. Tracy, 34 Conn. 325.

Counsel for appellee quotes from 3 Robinson on Patents, Sec. 1234, where it is said in substance, that the injury inflicted on the assignor by a refusal to accept and pay for an assignment of a patent " is not irreparable to a degree which calls for equitable interference, when it merely leaves the patent in his hands and withholds the service or the money which was to form the consideration of the transfer;" but it is insisted that the proposition is not sustained by citation of authorities. It appears, however, to be self-evident. Undoubtedly equity will compel performance of a contract for the assignment of a patent where its value is uncertain or conjectural and there is no accurate measure of damages, or generally, where, in any case, it is made to appear that otherwise irreparable injury may be inflicted upon either party. But where it does not so appear, and where nothing remains to be done but to pay the purchase money as in the case before us, we do not understand that in this State, at least, equity will entertain jurisdiction.

The judgment of the Superior Court will be reversed and the cause remanded, with directions to dismiss the bill.