## Colonial Mutual Fire Insurance Company of Philadelphia v. Albert Ellinger, for use, etc.

### Gen. No. 11,175.

1. VERDICT—*what considered in determining whether a, should be set aside as contrary to the evidence.* In determining whether a verdict should be set aside as contrary to the evidence, it must be taken into consideration, where such is the fact, that the jury were instructed more favorably for the unsuccessful party than he had a right to expect.

2. CROSS-EXAMINATION—*when party cannot complain as to lack of opportunities for.* Where one party to a cause when called as a witness is examined in such way as to leave the other party in doubt as to his right then to cross-examine as to particular matters, or to lead him to suppose that such party would testify in rebuttal to matters not touched upon then, offering at that time the proper opportunity for cross-examination, and where such party is not again called to the stand, the complaining party is entitled to no consideration on appeal, especially where he did not ask the trial court to reopen the case and permit further cross-examination.

3. EXAMINATION OF BOOKS—*what waiver of insurance company's right to.* The positive refusal of an insurance company to pay the loss

Colonial Mutual Fire Ins. Co. v. Ellinger.

is an absolute waiver of its right under the policy to examine the books of the insured.

4. VERDICT—*when, not disturbed.* Where the jury have determined the facts in issue and the trial judge has approved the verdict by entering judgment thereon, a court of review will not disturb the verdict and judgment, even though their correctness be doubtful, unless they are clearly and palpably against the weight of the evidence.

5. COMMENCEMENT OF SUIT—*what is.* The filing of the præcipe and the issuance of the summons is the commencement of a suit within the meaning of the clause in an insurance policy which requires that suit shall be commenced within a certain period named therein.

6. COMPUTATION OF TIME—*how, made in Illinois.* In Illinois the proper method of computing time when a certain act is to be performed within a particular period from or after a specified time, is to exclude the day named and include the day on which the act is to be done.

7. DECLARATION—*proper form of, in assumpsit, where the instrument sued upon is set out in haec verba.* It is sufficient where a declaration in assumpsit is based upon an insurance policy set out *in haec verba,* to allege generally the performance of all conditions precedent and that the loss did not happen by reason of any of the conditions provided against in such policy.

8. INCENDIARISM—*what not competent to prove.* Where one sues upon an insurance policy and the defense is incendiarism, proof of fires other than the one forming the basis of the suit is not competent.

Action of assumpsit upon insurance policy. Appeal from the Superior Court of Cook County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed February 25, 1904.

**Statement by the Court.** In 1896 appellee was a manufacturer of cloaks at 278 to 286 Madison street, Chicago, where he occupied the second, third and fourth floors. Shortly after 5 A. M. of April 9, 1896, a fire occurred on the second floor of his premises. The loss was afterwards adjusted at $72,505; the amount of insurance in force at about $87,000, and the amount due from appellant, if it was liable, at $3,616.95.

Appellant refused to pay anything upon its policy. April 9, 1897, at 3 P. M., appellee began the present suit. The first declaration filed consisted of a special count and the common counts. The special count recited the issuing of the policy and the date it was issued, the payment of the premium, the amount of the insurance, the fact that de-

fendant did insure the plaintiff from the 2nd of September, 1895, to the 2nd of June, 1896, against all direct loss by fire not exceeding the sum of $5,000. It described the policy. It described the property insured, gave its location; recited that the property had been destroyed by fire; that the loss was largely in excess of the amount of the policy, and that the defendant became liable to pay to the plaintiff said sum; and also the common counts alleging a breach, and that, although often requested, the defendant had not paid the money, etc., etc.

This declaration was twice amended before the trial. On the trial another special count was filed, setting out the policy *in haec verba;* and stating the interest of appellee in the property, its destruction by fire and the amount thereof; the sum due under the policy; "which said loss and damage did not happen by means of any invasion, insurrection, riot or civil commotion, or of any military or usurped power, or by reason of any of the conditions provided against in said policy;" the notice to appellant of the happening of said loss, and the delivery to it of proper proofs of loss; "and the plaintiff further avers that he has in all respects complied with the provisions of said policy of insurance and has performed all the conditions precedent contained in said policy of insurance as hereinbefore set forth, which were obligatory upon him to perform," etc.; concluding with a statement of the "breach," etc.

Various pleas were filed to these several declarations, which need not be set forth for the reason that when the case was on trial, on stipulation of the parties it was ordered that leave be given to "the defendant to withdraw its plea in abatement and the defendant may, under the plea of the general issue, prove any defense which it could properly plead herein under any special plea or pleas."

The trial resulted in a verdict for appellee and fixed the damages at $4,747.42. Judgment was entered upon this verdict. Appellant perfected an appeal to this court.

JONES & LUSK, for appellant.

THOMAS BATES and EDWARD J. PHILLIPS, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

*First.* Appellant argues that the verdict is contrary to the evidence; that the evidence shows appellee had set fire to his own premises, even though the same degree of proof is required to establish a defense involving crime as is required in a criminal case. Germania v. Klewer, 129 Ill. 612; McConnell v. Delaware Ins. Co., 18 Ill. 328.

There are in this record many circumstances of suspicion. But whether or not this defense was established, was a question of fact which was submitted to the jury, who heard and saw the witnesses and observed their demeanor while on the stand, and then decided against such defense. The trial judge, who listened to and saw all that was said and done in the trial, reviewed this question on the motion for a new trial, and found no sufficient reason to set aside the verdict.

It is to be noted that upon this question the jury were instructed more favorably for the appellant than the law permits. By the 22d given instruction the jury is informed that it is not necessary to prove this defense beyond a reasonable doubt, "but if you believe from all the facts and circumstances in the case as shown by the evidence, that the plaintiff did wilfully and intentionally set fire to the said property for the purpose of damaging or destroying the same, your verdict should be for the defendant." This instruction is palpably wrong. Upon his attention being called to it after the jury had retired, the trial judge offered to recall them and to correct the error, but appellee's counsel said, "Let the matter go; we waive the error."

Appellant claims that appellee did not state to the jury his knowledge of the origin of the fire or of any of the attendant incidents. Its counsel say: "We did not expect him to open up that question on his original examination, but in his rebuttal testimony there is not a word about the fire. There is where it would properly be, and not in the original examination. We confidently expected he would·

be brought on in rebuttal as to his connection with the fire, and his whereabouts. But he came not. We were cut off from all right to inquire as to his whereabouts immediately before the fire. It was a clever *coup*."

Appellee was the first witness called. His examination in chief covers twenty-eight pages of the record—his cross-examination covers forty additional pages. When he was called in rebuttal the cross-examination was waived. When first called he stated the date and fact of the fire and the damage caused thereby. Had appellant desired to inquire into his acts and whereabouts that morning, it then had the right to so do. But apparently relying upon his being recalled to deny what Marshall Campion and others would say, appellant neglected this opportunity, only to find that when he was recalled the subject was not gone into, and hence it was not then a proper thing to cross-examine upon. Under these circumstances it would have been proper for appellant to state his position to the court and to ask the privilege of reopening the cross-examination upon the direct examination. This was not done. The surprise of appellant arising from the manner in which appellee tried his case cannot be taken advantage of here upon this record. Again, it is said that the refusal of appellee to produce his books after the loss was completely adjusted, is ground for reversal. The adjusters had these books in their possession for weeks—for as long a time as they had desired. They were then returned to appellee. After appellant had refused to pay this claim, if Haines, appellant's vice-president, is to be believed, a demand was made to again see the books. The letter of the policy had been complied with, and appellee had the right, if he so elected, to refuse the demand. The positive refusal of appellant to pay the loss was a waiver of all right thereafter to examine the books. Appellant could not repudiate this contract in so far as it was bound to perform the same, and afterwards compel appellee to perform upon his part. The alleged object of again examining the books was to see if they contained an entry showing the shipment of twenty-one cases of goods by ap-

pellee to Racine, Wisconsin, a day or two before the fire. There is no evidence tending to prove that any such goods were so shipped, although it is to be presumed that the books and records of one of the common carriers whose line passed that place would show the fact, if it existed.

It is not necessary for us to set out the details which appellant says tend to establish the fact, if it is a fact, that appellee burned his goods for the purpose of obtaining this and other insurance then thereon. The jury weighed all these items and found against them.

Where the jury have determined the facts in issue and the trial judge has approved the verdict by entering judgment thereon, a court of review will not disturb the verdict and judgment, even though their correctness may be doubtful, unless they are clearly and palpably against the weight of the evidence. Probst Construction Co. v. Foley, 63 Ill. App. 494; North Chicago St. Ry. Co. v. Housinger, 70 Ill. App. 161; Bradley v. Palmer, 193 Ill. 90.

*Second.* Appellant contends that the suit was not brought within twelve months next after the fire, as provided in the policy, and it is therefore not maintainable.

The suit was commenced when the præcipe was filed and a summons was issued thereon. Schroeder v. Merchants & M. Ins. Co., 107 Ill. 71; Eylenfeldt v. Illinois Steel Co., 165 Ill. 190. The policy declares that no action shall be maintainable thereunder " unless commenced within twelve months next after the fire." The loss occurred in the early morning of April 9, 1896. In the afternoon of April 9, 1897, the affidavit in attachment was filed and a writ of attachment was issued thereunder. This suit was then commenced.

Appellant contends that the above quoted provision enters into and inheres in the contract between these parties, and cannot be disregarded by the courts. The statement is correct. The question therefore arises, was the suit commenced within the time thus stipulated? In this state the proper mode of computing time when an act is to be performed within a particular period from or after

a specified time, is to exclude the day named and include the day on which the act is to be done.   Ewing v. Bailey, 4 Scam. 420.

The case of Roan v. Rohrer, 72 Ill. 582, is one in which appellee's land was sold under an execution on the 9th day of September, 1871, and on the 9th day of September, 1872, appellee paid the money to redeem the land under a statute which provided that "redemption may be made within twelve months from such sale."   The court say: "When an act is required to be performed within a specified time from a day named, the rule is to exclude the day from which the time commences to run and include the day on which the act is to be performed.   In computing the time for redemption in this case, the 9th day of September, 1871, the day on which the sale was made, is excluded, and the year expiring after that day would include the 9th of September, 1872, the day on which the money was paid by direction of the sheriff to the circuit clerk.   (Citing cases.)   It then follows that the money was paid in time."

This rule, in varying states of fact, is enforced in Waterman v. Jones, 28 Ill. 54; People v. Hatch, 33 Ill. 14; Harper v. Ely, 56 Ill. 189; Forsythe v. Warren, 62 Ill. 68; Protection Life v. Palmer, 81 Ill. 88; Pugh v. Reat, 107 Ill. 440. Under this rule there is no question but that this suit was brought within the time limited.

*Third.*   The further contention of appellant is that no declaration has ever been filed in this case sufficient to sustain a verdict for appellee.   The position is that where the policy is set up *in haec verba,* as is done in the special count filed at the time of the trial, all of the conditions which, if existent, will defeat a recovery, must be negatived.   We do not so understand the practice.   It will be seen from the statement of facts that appellee avers generally the performance of all of the conditions precedent, and that the loss did not happen by reason of any of the conditions provided against in said policy.   This is the usual and accepted form.   Puterbaugh P. & P., 140 (7th ed.).   It is approved

in Ætna Ins. Co. v. Phelps, 27 Ill. 70, and in Continental Life Ins. Co. v. Rogers, 119 Ill. 486.

The instructions given in this case are more favorable to appellant than we believe is warranted by the law. Instruction No. 10, which was refused, has no foundation in the evidence. Instruction 24 was properly modified. There is no complaint that incompetent evidence for appellee was admitted by the trial court. The ruling by which evidence that other fires had occurred upon the premises of appellee was excluded, was correct. The general rule that evidence of a distinct substantive offense cannot be admitted in support of another offense, is laid down by all the authorities. Farris v. The People, 129 Ill. 528. The offer was not to prove that appellee had set fire to his premises on prior occasions, but merely to show that such fires had occurred. If the evidence had been admitted, then appellee was entitled to show how such fires happened in order to rebut the presumption that he had set them. The result would follow that instead of trying one law suit, the evidence of several law suits would be submitted to the jury. It does not require the citation of authorities to show that this is not permissible.

Finding no reversible error in the record, the judgment of the Superior Court is affirmed.

*Affirmed.*