### VIRGINIA TRUST COMPANY AND CURTIS BYNUM v. CHARLES A. WEBB AND JESSIE C. WEBB.

(Filed 21 March, 1934.)

1. **Pleadings D a—**

A demurrer admits the complaint and must be overruled if the allegations are sufficient to constitute a cause of action.

2. **Assignments D a—Assignment of contract as collateral security does not deprive assignor of interest therein.**

Where an option is assigned as collateral security for the assignor's note to the assignee, both the assignor and assignee have an interest therein, and if the contract is not assignable, the assignor has not relinquished his interest therein and may sue thereon, and where either party can maintain the suit the other is merely an unnecessary party, which is not a defect for which a demurrer will lie.

3. **Pleadings D b—**

A demurrer will not lie for joinder of an unnecessary party, it being necessary to sustain the demurrer that there be misjoinder of parties and causes of action.

4. **Specific Performance B a—Right to specific performance rests upon inadequacy of damages and not distinction between realty and personalty.**

While as a general rule contracts relating to personalty are not specifically enforceable, the ground for the relief of specific performance is the inadequacy of damages at law, and on this principal there are exceptions to the general rule.

5. **Pleadings A f—**

The relief to which plaintiff is entitled is to be determined by the allegations of the complaint established by evidence, and not the prayer for relief.

6. **Pleadings D a—Where complaint, in any view, states cause of action a demurrer thereto should be overruled.**

Where the allegations of a complaint are broad enough to state a cause of action for specific performance and for breach of contract the prayer for relief does not limit the scope of the right to relief, and a demurrer on the ground that the contract is not specifically enforceable cannot be sustained, since if either cause of action can be maintained the demurrer should be overruled.

CLARKSON, J., not sitting

APPEAL by defendants from *McElroy, J.*, at October Term, 1933, of BUNCOMBE. Affirmed.

On 1 December, 1930, Curtis Bynum and five others executed and delivered to the Virginia Trust Company two promissory notes in the respective sums of $46,350 and $20,400, securing the first by the deposit of forty-five Asheville Country Club gold bonds, each in the sum of

$1,000, and the second by the deposit of four second lien principal notes of Asheville Country Club, Incorporated, each in the sum of $5,000.

On 24 July, 1930, the defendants executed and delivered to Bynum, plaintiff, the following paper:

"Mr. Curtis Bynum,
  Asheville, N. C.
Dear Sir:

This confirms our understanding and agreement that you shall have the option at any time on or after 1 January, 1932, to require the undersigned to purchase from you, at par and accrued dividends, the preferred stock of the Asheville Citizen, Incorporated (a corporation to be formed by the consolidation of the Asheville Citizen, Incorporated, and the Asheville Times Company), which stock is presently to be issued to you in exchange for $60,000, in par value, of preferred stock and accrued dividends of the Asheville Times Company, now held by you.

It is stipulated and agreed that should you exercise your option to require us to purchase said stock, then, in that event, we hereby, jointly and severally, bind ourselves, our executors and administrators, to purchase, pay for and take delivery of said stock, $20,000, in par value thereof, within one year, $20,000, in par value thereof, within two years, and the balance thereof within three years after the date of the exercise of your said option.          Yours very truly,

Charles A. Webb, Jessie C. Webb."

On 1 December, 1930, when the notes above referred to were executed, Bynum signed and delivered the following instrument:

"For a valuable consideration, receipt whereof being hereby acknowledged, I, the above mentioned Curtis Bynum, do hereby assign, transfer, make and deliver over to the Virginia Trust Company, of Richmond, Va., all and every of my rights, privileges and powers in and under the foregoing agreement, with full right of assignment and reassignment.

Dated at Asheville, N. C., as of and on 1 December, 1930.

Witness my hand and seal.          Curtis Bynum.  (Seal.)"

On 1 December, 1930, Bynum executed another paper reciting the delivery to the Virginia Trust Company, as collateral security for the payment and renewal of the two notes, of 727 shares of the preferred stock of the Asheville Citizen-Times Company, together with the writing signed by the defendants obligating them to purchase from Bynum 682 shares of said stock on or before 1 January, 1932.

In their complaint the plaintiffs set out the foregoing facts and alleged that the Virginia Trust Company is the holder of the notes referred to

and has power and authority to enforce collection and that no part of either note has been paid.

They further alleged that Bynum owned preferred stock in the Asheville Times Company of the par value of $60,000 and was interested in the consolidation of this company and the Asheville Citizen, Incorporated; that he agreed to surrender his preferred stock to the Times Company and to accept in exchange for it stock in the new corporation to be known as the Asheville Citizen-Times Company; that the defendants executed the option above set out in order to effect the consolidation of the two companies; that Bynum surrendered his stock and accepted a certificate for 682 shares of preferred stock in the new corporation, each of the par value of $100.00; that Bynum assigned or endorsed the papers held by him for the purpose of securing the notes executed by him and his comakers to the Virginia Trust Company; that Bynum exercised his option and with the consent of his coplaintiff notified the defendants to purchase his stock and they declined to do so; and that the plaintiffs have at all times been ready, able, and willing to perform all their obligations to the defendants and that the defendants have failed and refused to comply with their contract.

The defendants demurred for misjoinder of parties and causes of action; and on the further ground that the complaint is defective in that the plaintiffs are seeking specifically to enforce against the defendants a contract alleged to have been executed by them to the plaintiff, Bynum, and assigned to the Virginia Trust Company, and that the contract shows upon its face that it was a personal obligation to Bynum, which he could not assign and transfer; and that it appears that the interest of Bynum in the stock and in the contract has ceased to exist, and neither of the plaintiffs is entitled to a specific performance of the contract, or to any of the relief prayed for in said complaint.

The demurrer was overruled and the defendants excepted and appealed.

*Marlin & Marlin and Alfred S. Barnard for appellants.*
*John M. Robinson and Hunter M. Jones for appellees.*

ADAMS, J. The demurrer admits the complaint and must be overruled if the allegations are sufficient to constitute a cause of action. *Yarborough v. Park Commission,* 196 N. C., 284; *Meyer v. Fenner, ibid.,* 476.

The appellants take the position that Bynum has no interest in the action because his assignment to the Virginia Trust Company was complete; that if the option executed by the defendants was assignable the Trust Company has acquired all rights thereunder and Bynum has none. It is hence argued that Bynum is not a necessary or proper party

in an action brought by the Trust Company on the assignment, that the Trust Company is not a necessary or proper party in an action brought by Bynum on his contract with the defendants, and that the demurrer should be sustained and the action dismissed.

This argument ignores the fact that according to the plaintiffs' allegations and the written assignments Bynum did not relinquish his interest in the option; he assigned it as collateral security for the payment of the notes. (Exhibit D.) The complaint states a cause of action in which both plaintiffs have an interest. Let us assume for the moment, however, that the action could be maintained by one of the plaintiffs. The joinder of unnecessary parties is not a defect of parties; and for superfluous parties plaintiff, a demurrer does not lie. An action is dismissed for misjoinder only when there is a misjoinder of parties and causes. *Furniture Co. v. R. R.,* 195 N. C., 636; *Abbott v. Hancock,* 123 N. C., 99.

The appellants say that the contract growing out of Bynum's acceptance of the option was not assignable. If this be conceded, Bynum retains his interest and can maintain an action against the defendants, his coplaintiff being merely an unnecessary party. It is insisted, however, that this Court has resolved the question against the position of the defendants. *R. R. v. R. R.,* 147 N. C., 368; *Trust Co. v. Williams,* 201 N. C., 464.

It is contended further that the complaint does not state a cause of action in that neither of the plaintiffs is entitled to specific performance of the contract or to the relief demanded. The contract relates to personal property and in such case specific performance as a general rule will not be decreed; but there are recognized exceptions. Jurisdiction to enforce specific performance rests, not on the distinction between real and personal property, but on the ground that damages at law will not afford a complete remedy. *Paddock v. Davenport,* 107 N. C., 710; *Tobacco Association v. Battle,* 187 N. C., 260. The nature of an action is determined by the allegations in the complaint, not by the prayer for relief. A plaintiff may recover any relief to which he is entitled upon the facts alleged in his complaint and established by his proof. *Jones v. R. R.,* 193 N. C., 590. Here the allegations are broad enough to set out two causes of action as in *Paddock v. Davenport, supra*—specific performance and breach of contract. If either can be maintained the judgment must be overruled. Bynum's acceptance of the option within the stipulated period consummated a contract to the performance of which he and the defendants were mutually bound. *Paddock v. Davenport, supra.*

Affirmed.

CLARKSON, J., not sitting.