75 203
82 307

# Robert Robinson and Edward H. Robinson v. Janette C. Holmes.

1. INTEREST—*In Excess of Legal Rate—Foreign Law Allowing Must be Pleaded and Proved.*—Interest in excess of the rate fixed by the statutes of this State, can not be recovered upon contracts made and to be executed in the State, but can only be recovered upon proper pleadings and proofs, on contracts made elsewhere, where it appears that the contract to pay such interest was valid according to the law of the place where it was made.

2. FOREIGN LAWS—*Must be Pleaded and Proved.*—He who relies upon a foreign law, either to recover or to defend, must plead and prove such law the same as any other fact.

3. BILL OF PARTICULARS—*Is Not a Part of the Record.*—A bill of particulars is not a part of the record and where it is not included in the bill of exceptions it can not be considered on appeal.

4. CONTRACTS—*For the Benefit of a Third Person May be Sued on by Him.*—Where one person makes a promise to another based upon a valid consideration, for the benefit of a third person, such third person may maintain an action upon it in his own name, and it is immaterial for the purpose of bringing suit whether the contract is under seal or not.

5. PLEADING—*Declarations on Original and Collateral Undertakings.*—If a promise is to be considered a collateral undertaking then the declaration should be special; but if it can be regarded as an original undertaking, the declaration may be general.

Assumpsit, on the common counts. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1897. Reversed and remanded. Opinion filed April 8, 1898.

## STATEMENT OF THE CASE.

This is an action in assumpsit, in which the declaration contains only the common counts brought by appellee against appellants as copartners under the name of Robert Robinson & Son. At the trial a deed was introduced, made by James M. and Rachel C. Fortner, dated April 2, 1890, conveying to Robert Robinson & Son certain real estate therein described, situated in the State of Kansas. The deed contains covenants of warranty, " except a mortgage for six hundred dollars, and fifty-seven dollars interest on

said mortgage, and the tax for 1889, which the parties of the second part assume and agree to pay." A mortgage dated October 1, 1887, conveying the same land, was then introduced, which was made by John C. F. Blachly and Jennie T. Blachly, of Kansas, to the Anthony Loan & Trust Company, securing a principal note of even date therewith for $600, payable in five years, with coupon interest notes for that period at a rate of seven per cent, but all the notes drawing interest after maturity at the rate of twelve per cent; which notes were also introduced in evidence.

The mortgage bore an assignment by the Anthony Loan & Trust Company to appellee, transferring "the note by the foregoing mortgage secured," and also all right, title and interest to the lands in the mortgage described. The notes bore an additional assignment executed in the company's name and under its seal, which was signed by its secretary. The interest was computed according to the terms of the notes, at the rate of twelve per cent per annum after maturity, and judgment rendered accordingly upon the verdict. Appellants did not offer any evidence.

ASHCRAFT & GORDON, attorneys for appellants.

JAMES A. FULLENWIDER, attorney for appellee.

The appellants having accepted and retained the warranty deed for the premises described in the mortgage in evidence and therein having assumed and agreed to pay the mortgage then upon the land, they are liable to the plaintiff for the amount due upon the indebtedness secured by said mortgage. Dean v. Walker, 107 Ill. 540; Bay v. Williams, 112 Ill. 96; Schmucker v. Sibert, 18 Kans. 104; Anthony v. Herman, 14 Kans. 494.

The contract sued on in this case is an implied assumpsit to pay the balance of the purchase money to the legal holder of the bond and mortgage referred to in the deed. Dean v. Walker, 107 Ill. 546; Urquhardt v. Brayton, 12 R. I. 169; Eggleston v. Buck, 24 Ill. 262; 25 L. R. A. 275, note; Twitchell v. Mears, 8 Biss. 211.

Forms of action on sealed instruments were abolished by Sec. 18, Chap. 19, Revised Statutes, Illinois. See 3 Starr & Curtis Stat. 2997; Dean v. Walker, 107 Ill. 540; Adam v. Arnold, 86 Ill. 185.

The contract not being under seal the plaintiff could sue in her own name, even at common law. 1 Chit. Pl. 5; Moore v. House, 64 Ill. 162.

The appellee is entitled to recover in this action upon the evidence under her declaration. Mount Hope Cem. Ass'n v. Weidenmann, 139 Ill. 74; Randall v. Rich, 11 Mass. 494; Dean v. Walker, 107 Ill. 545; Eggleston v. Buck, 24 Ill. 262; Bay v. Williams, 112 Ill. 94; Schmucker v. Sibert, 18 Kans. 104; Anthony v. Herman, 14 Kans. 494.

The deed having been delivered to appellants and recorded and retained by them, nothing remained to be done but to pay the balance of the purchase money to the holder of said bond and mortgage according to said implied promise, and there being nothing more to be done, except to pay the money, to completely execute the implied agreement, this cause can be maintained upon the common counts. Dean v. Walker, 107 Ill. 540; Runde v. Runde, 59 Ill. 102; Mt. Hope Cem. Ass'n v. Weideman, 139 Ill. 74; Lane v. Adams, 19 Ill. 167; Eggleston v. Buck, 24 Ill. 262; Elder v. Hood, 38 Ill. 533; Cath. Bishop v. Bauer, 62 Ill. 188; 2 Ency. of Pl. & Pr. 991.

Mr. Justice Freeman, after making the above statement, delivered the opinion of the Court.

Objection is made that the judgment is excessive. Interest in excess of the rate fixed by the statute of Illinois can not be recovered upon contracts made and to be executed in this State. It can be recovered in this State upon proper pleadings on contracts made elsewhere, where it appears that the agreement to pay such rate of interest was valid according to the law of the place where the contract was made. "Where the rate of interest sought to be recovered is greater than that provided by statute where the remedy is sought to be enforced, and the law of the place of pay-

ment is pleaded and proved allowing a greater interest than that where the remedy is sought, then the *lex loci* may be invoked to show the contract is legal, and the true interpretation of the parties framing it." Morris v. Wibaux, 159 Ill. 651; citing Sherman v. Gassett, 4 Gilm. 521.

The action in this case was assumpsit upon the common counts, to which the general issue was pleaded. "The rule as laid down in the decisions is, that he who relies upon a foreign law, either to recover or to defend, must plead and prove such law as any other fact." Dearlove v. Edwards, 166 Ill. 621.

And the reason is that our courts can not judicially know what such foreign law may be. In this case the plaintiff did not seek to recover upon a contract, but for money had and received as a part of the purchase price of the real estate conveyed by the deed introduced in evidence. She sought to recover interest thereon at a rate illegal under the laws of this State, which she could only do by virtue of the laws of the State of Kansas. In order to do this she must aver and prove the foreign law upon which she relies to establish her right. Chumasero v. Gilbert, 24 Ill. 293 and 651; Mo·ris v. Wibaux, 159 Ill. 651; Dearlove v. Edwards, 166 Ill. 621, and cases therein cited.

This she did not do, and it was error, therefore, to compute interest at the rate of twelve per cent, and instruct the jury to assess the plaintiff's damages at an amount including the excessive interest.

Objection is made that the declaration in no way informed the defendants of the character of the claim against them. After the commencement of the suit and service of summons a rule was entered upon the plaintiff to file a bill of particulars. We are not advised by the bill of exceptions that this was done. It is stated in appellee's brief to have been done, and what purports to be a copy of plaintiff's bill of particulars is there set out in full, with the statement that it will be found in an additional record filed by appellee. As the bill of particulars is not a part of the record, and was not incorporated in the bill of exceptions, we can not know

Robinson v. Holmes.

what information it contained. Hess Co. v. Dawson, 149 Ill. 138.

But see Baldwin v. McClelland, 152 Ill. 54, which, except upon careful consideration, might appear to hold otherwise.

It is insisted by appellants' counsel that appellee can not maintain her action in her own name upon the clause of the deed wherein appellants "assume and agree to pay" the indebtedness in question. We regard the law as settled in this State to the effect that where one person makes a promise to another, based upon a valid consideration, for the benefit of a third person, such third person may maintain an action upon it in his own name, and that it is now immaterial, for the purpose of bringing the suit, whether the contract is under seal or not, by reason of the provisions of Sec. 19, Chap. 110, Rev. Stat., relating to the form of action on sealed instruments. Dean v. Walker, 107 Ill. 540; Bay v. Williams, 112 Ill. 91.

It is insisted by appellants' counsel that inasmuch as appellee seeks to recover upon a collateral contract embodied in the deed introduced in evidence, by which she alleges appellant agreed to pay the debt of another, she can not maintain her action at all upon this declaration, but must declare specially upon the contract.

The rule is that "if the promise is to be considered a collateral undertaking, then the declaration should be special; but if it may be regarded as an original undertaking, then the declaration may be general." Runde v. Runde, 59 Ill. 102.

Inasmuch as there must be a new trial, we do not deem it necessary to further discuss the application of the rule in this case.

For the reasons indicated the judgment will be reversed and the cause remanded.