## Erie Fire Ins. Co. v. Alonzo H. Hill.

1. INSURANCE—*Denial of Liability a Waiver of Proofs of Loss.*—
An insurance company, by denying its liability, waives its right to
insist upon proofs of loss under the provisions of the policy.

**Assumpsit,** on a policy of fire insurance. Appeal from the Circuit
Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding.
Heard in the Branch Appellate Court at the October term, 1900. Af-
firmed. Opinion filed December 24, 1901.

STEERE & FURBER, attorneys for appellant.

JAMES HIBBEN, attorney for appellee; THOMAS BATES, of
counsel.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This appeal is from a judgment in favor of appellee in a
suit brought by him on a policy of fire insurance. There
is no question that the building described in the policy was
substantially destroyed by fire September 30, 1898. The
contention is that proofs of loss were not made and deliv-
ered to appellant within the sixty days time required by
the terms of the policy.

The case was tried before a jury, and among other instruc-
tions given, one was as follows:

" The jury are instructed that unless they believe from
the preponderance of the evidence that the plaintiff served
upon the defendant, within sixty days after the date of the
fire, proofs of loss as provided in the policy of insurance
introduced in evidence herein, then the plaintiff is not
entitled to recover, and if you find from the evidence that
no proofs were served upon the defendant, or that the
papers served as proofs were not delivered to the defend-
ant until more than sixty days after the date of the fire,
then your verdict should be for the defendant."

This instruction was fully as favorable to appellant as it
was entitled to, and we must regard the fact of whether
proofs of loss were made and delivered within the sixty
days, as settled by the verdict in favor of appellee.

The next point is that the proofs of loss were insufficient,
even if made and delivered in time. The evidence tended

to show that, irrespective of the sufficiency of the proofs, appellant denied its liability to pay the loss to appellee in any event. In such a case the defect in the proofs was waived.

It is said in Williamsburg City Fire Insurance Company v. Cary, 83 Ill. 453:

" As to the objection, the proofs of loss furnished were insufficient under the conditions of the policy, we think the assured was relieved from any obligation to make further proofs, in consequence of the company placing its refusal to pay the loss suffered on the distinct ground of non-liability in any event. Timely notice of loss was, in fact, given, and had the company been willing to pay the loss upon sufficient proofs, the defects now insisted upon could and would have been readily supplied. But that was not the reason of its refusal, and had the assured complied with every minutia in the condition of the policy in making the proofs of loss, we are warranted in believing, from the facts proven, the refusal of the company would have been none the less absolute and positive. It would have been folly to impose upon the assured the burden of doing an act that would not, in the slightest degree, have changed the determination of the company. The law has required no such useless thing to be done. Peoria Marine and Fire Insurance Company v. Whitehill, 25 Ill. 470."

The case was fairly tried and substantial justice has been done; and if there were any minor errors committed they were not sufficient to warrant us in reversing the judgment, which is therefore affirmed.