## American Exchange National Bank of Chicago v. George A. Seaverns, et al.

### Gen. No. 11,598.

1. GUARANTEE—*when competent under pleadings.* A guarantee, the basis of this action, is discussed with respect to several counts of the declaration and *held,* competent under some and incompetent as to others.

2. GUARANTEE—*when notice of acceptance of, essential.* Where an instrument is a mere offer or proposal to guarantee, then notice of its acceptance is necessary; but such notice is not necessary where the instrument is on its face an absolute guarantee.

3. GUARANTEE—*construed a continuing obligation of indemnity.* The particular instrument set forth in the opinion, *held,* not a mere offer to guarantee but an absolute and continuing contract of indemnity.

4. DECLARATION—*when non-maturity of debt sued on cannot be raised by demurrer to.* The non-maturity of a debt in suit cannot be reached by demurrer to the declaration unless such declaration clearly shows such fact; otherwise it will be presumed that the maturity of the debt was prior to the institution of the suit.

Action in assumpsit. Appeal from the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Reversed and remanded. Opinion filed July 14, 1905.

**Statement by the Court.** This is an appeal by the plaintiff from a judgment for the defendants in an action of *assumpsit* brought on the following instrument:

"Geo. A. Seaverns,
153 Monroe Street.

Chicago, Nov. 15, 1886.

In order to help Mr. C. J. Kershaw and for his benefit we hereby agree to guarantee the firm of C. J. Kershaw & Co., a firm formed on November 1st, 1886, and composed of Chas. J. Kershaw and Hamilton Dewar, as general partners, and Charles B. Eggleston as special, under the name and style of C. J. Kershaw & Co., as above stated, to the extent of ten thousand dollars on any indebtedness the said firm may incur and owe to the American Exchange National Bank of Chicago, and that the said firm may be unable to pay.

This guarantee to continue in force from date hereof until cancelled by either of the guarantors by written notice and is to cover indebtedness that may arise during its continuance.

GEO. A. SEAVERNS,
JOHN CUDAHY,

To the American Exchange Nat'l. Bank of Chicago."

The original declaration contained two general counts. The first averred that on etc., the defendants became indebted to plaintiff in etc., for and on account of the guaranty by defendants of certain indebtedness of the firm of C. J. Kershaw & Co., to the plaintiff. The second averred that the defendants were indebted to plaintiff in etc., for interest on money due and owing by defendants to plaintiff. And being so indebted said defendants undertook etc., to pay plaintiff said several sums of money when requested etc., and then followed the common breach. The defendants filed pleas of *non assumpsit.*

The trial court excluded the instrument upon the ground that it was not admissible under either of the above counts.

The plaintiff excepted to this ruling and then filed two additional counts. The first of these counts averred that the defendants made the said contract of guaranty and set the same out in *haec verba* and averred that they delivered the same to the plaintiff and that plaintiff confiding therein after the delivery of said guaranty advanced to the said firm of C. J. Kershaw & Co. a large sum of money, whereby said firm became indebted to the plaintiff in a large sum, to wit, the sum of over $100,000, which said sum of money said firm still owes to plaintiff and which said sum said firm ever since the incurring of the same has been and still is unable to pay plaintiff, and that said guaranty had not been cancelled by defendants or either of them. By means whereof said defendants became liable to pay $10,000 of said indebtedness of said firm of C. J. Kershaw & Co. to plaintiff, and in consideration thereof undertook and promised to pay the same when requested, etc.

The second additional count was a general count. The defendants filed pleas of *non assumpsit* to the second and general and special demurrers to the first additional count. Their demurrers were sustained and the plaintiff electing to stand by that count the jury, by direction, found the issues for the defendants. The motion of plaintiff for a new trial was denied and judgment entered for the defendants.

SWIFT, CAMPBELL & JONES, for appellant.

T. A. MORAN, T. A. MORAN, JR., and JAMES E. MUNROE, for appellees.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

It is admitted that the instrument sued on would not be admissible under the common *indebitatis* counts for money lent, money paid, etc., but it is contended that it was admissible under the first count of the declaration as a link in the plaintiff's chain of evidence to establish the fact, in that count averred, that the defendants were indebted to plaintiff on their guaranty to plaintiff of the indebtedness of Ker-

shaw & Co., and that it was admissible under the second count to establish the fact, alleged in that count, that there was money due and owing from defendants to plaintiff on which plaintiff was entitled to recover interest.

The promise contained in the written guaranty is a promise by the defendants to pay to the plaintiff the indebtedness which Kershaw & Co. should incur to the plaintiff if Kershaw & Co. were unable to pay the same, and not an original promise by defendants to pay to plaintiff such sums of money as the plaintiff should advance to Kershaw & Co. Such a promise must be declared on specially and the instrument was not admissible under the first original count. Robinson v. Holmes, 75 Ill. App., 203; S. C. 82 id., 317, and cases there cited.

If the instrument was not admissible to prove the indebtedness of defendants to plaintiff on their guaranty, it was not admissible to prove that there was money due from defendants to plaintiff under their guaranty, on which the plaintiff was entitled to recover interest. Tucker v. Page, 69 Ill., 180; 1 Sedgwick on Damages, sec. 338; 1 Sutherland on Damages, sec. 677.

The instrument was not, therefore, admissible under the second original count.

The objection that the first additional count is defective because it does not state that when the suit was brought any part of the indebtedness of Kershaw & Co. to plaintiff was due, cannot be sustained. "A declaration or complaint which shows upon its face that the cause of action alleged therein has not yet accrued is demurrable on the ground that it does not state facts sufficient to constitute a cause of action. But the fact of prematurity must appear affirmatively in order to be reached by demurrer, and unless it does so appear the court will presume, that the cause of action occurred before suit was commenced." 16 Ency. of Pl. & Pr., 881.

It is also insisted that said count is defective because it does not aver that the plaintiff, within a reasonable time, accepted the proposed guaranty and gave notice to the defendants of the purpose of the plaintiff to make advances

under it. The question of the necessity of such an averment turns upon the construction of the instrument therein set out. If that instrument is a mere offer or proposal to guaranty, then notice of its acceptance was necessary, and as no such notice is averred the count must, in that case, be held defective. If it was an absolute guaranty, it became binding upon delivery to the plaintiff and no notice of its acceptance was necessary.

In Frost v. Standard Metal Co., 215 Ill., 240, the guaranty was as follows:

"Chicago, July 10, 1901.

Standard Metal Co.,
    Gentlemen:—

I hereby guaranty the purchase account of George K. Harrington & Co. to the amount of one thousand five hundred dollars ($1,500).

R. CHESTER FROST."

There was no proof that the guarantor was notified by the Metal Company that it had accepted the guaranty or had given credit to Harrington & Co. on the faith of it and it was contended in that case, as in this, that such notice was essential to the creation of liability against the guarantor. In the opinion it was said that, "the guaranty is absolute and unqualified, and such guaranties become effective as soon as acted upon (14 Am. & Eng. Ency. of Law, 2nd Ed., 1145). An acceptance is necessary to create liability if there is only a proposal to guarantee; but that rule has no application when the undertaking is primary and absolute."

The guaranty in that case, as in this, was a continuing guaranty of an indebtedness to be created in the future of an indefinite amount. The instrument in question contains the following clause: "This guarantee to continue in force from date hereof until concluded by either of the guarantors by written notice." The plain import of this language is, that the instrument was in force from its date.

If the guaranty sued on in Frost v. Standard Metal Co., *supra,* which contained no clause similar to that above set

forth, became effective when acted upon without notice to the guarantor, then certainly this guaranty became effective without such notice.

Upon the authority of that case we hold that the instrument set out in the second additional count, is an absolute guaranty and not a proposal to guarantee, that it became effective when delivered to and acted upon by the appellant bank and that no notice to the guarantor of the acceptance of the guaranty, or of advances by the bank to Kershaw & Co. on the faith of it was required to make the guarantor liable thereon for such advances.

It follows from what has been said that in our opinion the second additional count states a cause of action, and that the Circuit Court erred in sustaining a demurrer to that count.

The judgment of the Circuit Court will be reversed and the cause remanded.                    *Reversed and remanded.*