## David MacKenzie v. Grace MacKenzie.

### Gen. No. 13,690.

1. JURISDICTION—*when, to enforce decree for alimony, cannot be questioned.* After replying to the merits, a respondent is entitled to raise the question of the jurisdiction of the court to enforce the payment of alimony.

2. SEPARATE MAINTENANCE—*when bill for, sufficient.* A bill for separate maintenance which does not follow the strict phraseology of the statute is sufficient if its allegations are in substantial accord with the provisions of such statute.

3. SEPARATE MAINTENANCE—*propriety of, against non-resident.* A bill for separate maintenance may be maintained against a non-resident when he is found and served with process in this state.

4. ABATEMENT—*when propriety of overruling plea in, not subject to review.* The action of the court in overruling a plea in abatement is not subject to review where no appeal is taken from the order overruling such a plea.

5. CONTEMPT—*when commitment for, not too vague.* Held, that a commitment for contempt for failure to pay alimony was not too vague in failing to provide opportunity for payment if desired to be made by the respondent.

Separate maintenance. Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Affirmed. Opinion filed May 1, 1908. Rehearing denied May 15, 1908.

**Statement by the Court.** This is an appeal from an order of the Circuit Court committing appellant for alleged contempt in failing to pay $1,690 alleged to be due for temporary alimony and solicitor's fees to appellee by virtue of an order entered in said Circuit Court under a bill filed by appellee. Appellant was at the time of the filing of the bill, it is said, a resident and citizen of the State of Idaho.

The bill filed by appellee alleges in substance:

1. That she is a resident of Cook county, Illinois, and that she has been for more than one year immediately preceding the filing of the bill; that she and David MacKenzie were married November 16, 1897, at Hammond, Indiana, and lived together as husband and wife till September 8, 1901; that one child was born, a son then (1904) six years of age; that on September 8, 1901, David MacKenzie, her husband, wilfully and without any reasonable cause therefor, deserted and absented himself from her and the said child at Chicago, Illinois, leaving her and the said child without any means of support whatsoever, and that such desertion had been continuous, wilful and without reasonable cause therefor since said September 8, 1901; that she was a faithful wife; that when her husband left her and their child in Chicago on September 8, 1901, he gave her ten cents, suggesting that that would be sufficient for postage until he would send more; that he never wrote to her, never came back to her and the child, nor contributed a cent toward their support after that, and that she had to work for a small salary in order to support herself and child.

It is further stated upon information and belief that at the time he deserted her and their said child appellant had on deposit with the American Trust & Savings Bank of Chicago about $8,000 and with the Northern Trust Company of Chicago about $3,000, all of which he drew about the time of his leaving; that he has large interests in Idaho and other places, and that

he is worth in the neighborhood of $100,000 over and above his liabilities.

The prayer of the bill is that appellant may be summoned, may be enjoined, be required to answer, etc., that the complainant may have the custody of the child, and that the defendant may be compelled to make proper and suitable provision for the separate maintenance and support of complainant and the child, and for general relief as the equities of the case may require.

The bill is verified by complainant, complainant swearing that the same is true, except as to the things therein stated upon information and belief, and that as to such things she believes the bill to be true.

On the same day, November 30, 1904, and with her bill of complaint, appellee filed her petition for *ne exeat* against appellant, and he was taken into custody December 1, 1904. On the same day appellant appeared and moved to quash the writ of *ne exeat*. The court denied the motion and appellant gave bond for $4,000.

December 5, 1904, appellant was ruled to show cause why he should not pay alimony, and answered the rule. To his formal answer to the rule appellant attached affidavits. While the answer by its terms limits appellant's appearance, it also avers "that the defendant has a complete defense to any and all the allegations of said bill of complaint and is living and has been living since August, 1901, separate and apart from the complainant and for good and sufficient cause and with fault on her part and without fault on his part, as he will be able to show upon the trial of said cause."

The affidavits of appellant and of the other parties filed in his behalf refer to the merits, especially on the question of alimony. Appellant in his affidavit states that he is worth not to exceed $10,000 over and above his just debts and liabilities; that he has no fixed income and has made no money since March,

1904, while all the time under heavy expenses, and that he has already been put to great expense and loss of time and money in hurriedly preparing for the trial of the alleged charge of abandonment preferred against him by his wife in the Criminal Court of Cook county, which was on the second day of December, 1904, dismissed, etc.

December 22, 1904, the plea in abatement and the motion for alimony came on to be heard, and after arguments it was ordered that said defendant answer the bill of complaint herein within twenty days, and that the motion of defendant for leave to amend his said plea in abatement be denied, and it was ordered that the defendant, David MacKenzie, pay to the complainant or to her solicitor for her the sum of fifteen dollars per week, to begin on the twenty-second day of December, 1904, and continue on Thursday of each week thereafter in the like sum of fifteen dollars until the further order of the court.

And it was further ordered that the said defendant pay to the complainant or to her solicitor for her the sum of one hundred dollars for and on account of her solicitor's fees therein, said sum to be paid in thirty days.

From the foregoing order MacKenzie did not appeal.

January 12, 1905, appellant sought to avoid the obligation of his *ne exeat* bond by *habeas corpus* proceedings, first, in the Circuit Court of Cook county and again in the United States Circuit Court for the Northern District of Illinois, from which by successive appeals he took the matter to the Supreme Court of the United States without success. Meanwhile pending such appeals, proceedings in the Circuit Court of Cook county were suspended until November 19, 1906.

The cause having been reopened in the state court on November 19th as aforesaid, appellee filed her affidavit in the Circuit Court of Cook county January 15, 1907, upon the filing of which an order of attach-

ment for appellant was issued without notice and he was taken into custody and ruled to show cause why he should not be punished for contempt of court for failure to pay alimony and solicitor's fees, as provided in the order of court of December 22, 1904.

The contempt proceeding was placed upon the contested motion calendar and pending the hearing MacKenzie was released upon a day to day bond.

On January 17, 1907, MacKenzie filed his answer to the rule of January 15, in which answer he again undertakes to limit his appearance in terms and denies the jurisdiction of the court, but goes nevertheless into the merits of the controversy respecting the payment of alimony. He says, among other things, that he admitted on December 1, 1904, that he was worth not to exceed $10,000 over and above his just debts and liabilities, but claims that since that time he has sustained a heavy loss in a recent fire at Goldfield, Nevada. He does not say, however, that he is worth less than $10,000.

Appellee filed two affidavits in reply to appellant's answer to the rule, setting forth, among other things, that appellant has been able to employ more than a half dozen lawyers in his fight against her; that he did not give or pay anything to her or the child from the time he left her until after proceedings were taken against him; that he has a double dwelling house at Goldfield, Nevada, which cost him about $10,000; that there is in two banks at Goldfield, Nevada, as she is informed and believes, about $60,000 subject to the check of appellant; that he has other money and property; with additional allegations to the same effect.

After a full hearing appellant was adjudged February 15, 1907, guilty of contempt of court and ordered committed to jail, said contempt, as the order recites, "consisting in the wilful and contumacious refusal of the said David MacKenzie to pay to the complainant, Grace MacKenzie, alimony and solicitor's fees, as provided by the order of this court entered herein on De-

cember 22, 1904, and that the said defendant, David MacKenzie, remain so confined in said common jail of Cook county for a period of five months from and after this date, or until he be discharged according to law; provided always that the said defendant, David Mac-Kenzie, shall at any time be immediately released from said jail and discharged from custody upon his complying with the order of this court by paying to the complainant, Grace MacKenzie, or to her solicitor of record, or the clerk of this court for her, the sum of $1,690 found by the court to be due her under the said order of December 22, 1904.''

From that order the present appeal was taken.

JOHN M. DUFFY, for appellant; JOHN F. GEETING, of counsel.

HARRIS F. WILLIAMS, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellant urges as ground for reversal that the bill of complaint is not sufficient to give the court jurisdiction; that the petition for *ne exeat* is open to the same objection; that under the separate maintenance statute the court has jurisdiction only where husband and wife are both residents either of the same county or of different counties of the state, and not where one is a resident of a different state; that appellant was privileged and exempt from arrest under civil process while in attendance as a party and a witness in this state and for a reasonable time in coming to and returning from the trial, and hence the service of the writ of *ne exeat* was illegal and void because secured, it is said, by fraud and issued without jurisdiction or proper showing; that the *placita* in this case is defective, the order of commitment vague and insufficient, and the affidavit for attachment also.

The objections to the jurisdiction, whether otherwise meritorious or not, cannot now be urged, in view of

the fact that appellant answered the rule to show cause why he should not pay alimony, setting forth his defense, in part at least, on the merits. In support of his answer, he filed affidavits tending to show inability to pay the alimony, a matter having no bearing on the question of jurisdiction, although his answer purports to be made ''under his special and limited appearance,'' and to show ''that the court has no jurisdiction of the person of said defendant.'' When he thus answered upon the merits, raising a disputed question of fact, he subjected himself to the consequences of a general appearance for all purposes. Dean v. Gerlach, 34 Ill. App. 233-234; Nichols v. The People, 165 Ill. 502-503; Porter v. City of Chicago, 176 Ill. 605-607; McChesney v. The People, 178 Ill. 542-548. ''A special appearance must be for the purpose of urging jurisdictional questions only, and it must be confined to a denial of jurisdiction. An appearance for any other purpose than to question the jurisdiction of the court is general.'' (Nichols v. The People, *supra*.)

In like manner, we are of opinion that appellant waived the objection now urged to the bill as a bill for separate maintenance under the statute. (R. S., chap. 68, secs. 22, 23.) He answered, disputing the claim for alimony and solicitor's fees, on the merits. It is true, no doubt, that as a bill for separate maintenance it does not strictly follow the phraseology of the statute and is not artistic in form; but it is nevertheless, we think, sufficient. While the bill does not in express terms state that appellee is, without her fault, living separate and apart from her husband, it does aver that appellant wilfully and without reasonable cause deserted her and their child at Chicago, State of Illinois, leaving them without means of support; that such desertion has been continuous, and that she and the child have since that time been living with appellee's parents, averments which, in substance, comply with the requirements of the act in that respect.

It is further urged that proceedings under the separate maintenance act are required to be instituted "in the county where the husband resides," and that the courts of this state have therefore no jurisdiction over appellant, who does not reside in Illinois, but in the State of Idaho, as shown by appellant's answer and plea in abatement and not disputed, and who did not "remove to another county in this state." Section 22 of the act provides, however, that complainants under it "may have their remedy in equity," and suits in equity, "if the defendant is a non-resident," may be commenced "in any county." (R. S., chap. 22, sec. 3.) If, however, under the bill in this case and the prayer for general relief, appellee would be entitled to a divorce, all room for question would be removed by sections 5 and 6 of chapter 40, R. S. There it is provided that "the process, practice and proceedings" under the divorce act "shall be the same as in other cases in chancery," except as otherwise provided. As to allowance of alimony in an action for separate maintenance it is sufficient to refer to People v. Cook County Circuit Court, 169 Ill. 201-213. We cannot concur, therefore, in appellant's contention that as a non-resident of this state he is exempt from a suit for separate maintenance when found and served with process within the state. See also Atkins v. Borstler, 46 Mich. 552.

The objection that appellant was wrongfully arrested on the writ of *ne exeat,* in violation of his privilege and exemption as a witness and party to a pending suit which he had come into the state to attend, was raised by plea in abatement. The plea was overruled by the Circuit Court and an order entered requiring defendant to pay alimony and solicitor's fees. No appeal was prosecuted from that order, and the question of its propriety is not before us on the present appeal.

Objection is made that the order of commitment is vague and insufficient, since it is said the appellant

could not leave the jail to find appellee if he concludes to make payment and purge himself from the contempt; that the order should provide a release from custody by payment to the sheriff or jailer or someone "whom the alleged contemnor is able to pay." We are of opinion appellant will have no trouble in paying appellee, if he concludes to do so, before or after commitment .to jail.

We find no valid objection to the affidavit of attachment, nor to the jurisdiction of the court over the subject-matter and the parties. We are of opinion that the order of the Circuit Court complained of is warranted by the record, and that the latter is free from material error. The order will therefore be affirmed.

*Affirmed.*