## Delia Upton, Defendant in Error, v. Swedish American Hospital et al., Plaintiffs in Error.

### Gen. No. 15,274.

1. BONDS—*when action upon appeal bond not premature.* An action upon an appeal bond is not premature if brought before the time for petitioning for a rehearing has expired and before the mandate has issued.

2. PLEADING—*what dilatory defense.* An objection that an action upon an appeal bond is prematurely brought is dilatory in character and to be availed of must be specially pleaded.

3. EVIDENCE—*when witness qualified to testify to rental value.* If a witness has had some experience with renting agents and some knowledge of rental values, he is competent, the weight to be given to his testimony being for the jury.

4. LANDLORD AND TENANT—*what damages recoverable for unlawful withholding.* Damages occurring to premises during the period of their being unlawfully withheld may be allowed by the jury in an action upon an appeal bond.

5. LANDLORD AND TENANT—*what damages recoverable for unlawful withholding.* In such an action the plaintiff is entitled to an award for the use of the premises according to the highest and best purpose for which they could have been used.

Action of debt. Error to Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed October 6, 1910.

O. C. PETERSON, for plaintiffs in error.

GUSTAV E. BEERLY, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action of the "first class," brought in the Municipal Court of Chicago on an appeal bond given in an action of forcible entry and detainer, tried on an appeal from a justice of the peace in the Circuit Court, on an appeal from a judgment of the Circuit Court in favor of plaintiff and against the defendant, Swedish American Hospital Association, to this court. The condition of the bond was not only to prosecute the appeal with effect, but in case of failure to do so, to "pay all rent now due and that may become due before the final termination of said suit, and all damages and loss which the plaintiff may sustain by reason of the withholding possession of the premises, and by reason of any injury done thereto during such withholding."

The premises involved are numbered 838 and 840 West Sixty-fourth street, Chicago.

A trial was had before the court, with a jury, resulting in a verdict and judgment for $1,675 against both defendants, being respectively the principal and surety upon the bond.

There is but little real dispute as to the facts. Most of the contentions arise from the divergent views of counsel concerning the law controlling the cause.

Plaintiff was the landlord who acquired title during the time the defendant hospital was occupying the premises, at the time the forcible entry and detainer suit was commenced, as the tenant of plaintiff, and plaintiff secured a judgment in the Circuit Court for possession of the premises, which was appealed by the Hospital to this court, in which the bond in question was given, and on that appeal this court affirmed the judgment of the Circuit Court for possession. That the Hospital withheld possession of the premises, without paying rent, from June 1, 1906, to February 28, 1907, is not contested. However, it is urged as

grounds calling for reversal that the action was prematurely brought, that there were erroneous rulings of the court in the admission of evidence, errors in instructions to the jury, and that the verdict is manifestly contrary to the weight of the evidence.

Because at the time the action at bar was instituted the time for petitioning this court for a rehearing of the appeal cause had not expired, and the mandate of this court on its judgment of affirmance had not been issued or filed in the Circuit Court, the suit is said to be prematurely brought. We know of no statute, rule of court or judicial precedent, to justify any such contention. The judgments of this court are operative from the time of their entry until arrested either by the court itself in an appropriate order, or by a writ of *certiorari* issuing from the Supreme Court, or a reversal or modification of our judgments by the Supreme Court. Furthermore, such objection not constituting a bar to the action, is in the nature of a dilatory challenge, which in order to be effective must be availed of by plea in abatement. Not having done so, and by pleading to the merits of the action, the objection, if ever available as a defense, is waived. MacKenzie v. MacKenzie, 141 Ill. App. 126; Porter v. City of Chicago, 176 Ill. 605.

It is insisted that plaintiff was incompetent to testify as to rental value of the premises because she did not qualify. While standing alone we would not accord much weight to plaintiff's testimony as to rental value, still she was clearly competent to testify, she being the owner of the premises and having had some experience, though limited, with renting agents, and as a landlord. This we think sufficiently qualified her, *prima facie* at least, to testify as to rental value, leaving the weight to be accorded her testimony to the jury. The challenge of the witness Wallace as incompetent is captious and unreasonable. Wallace had eight years' experience in renting property in Chicago, had been actively engaged in two leading renting and real estate agencies in Chicago, knew the premises in question, examined them and fixed by his testimony their rental value. He was in-

disputably a most competent and well qualified witness on the subject of his testimony.

Taking into consideration the other elements of damage to the premises before the jury, proper to be considered by them in assessing the amount recoverable under the terms of the bond in suit, there was ample evidence to sustain the amount assessed by the jury in its verdict, upon which the court entered judgment. Without such additional element of damage the finding of the jury is sustainable on the theory that it is solely for rental value.

We find no reversible error in the giving of the instructions complained about. There was evidence before the jury of damage to the demised premises occurring during the time of the unlawful withholding of possession. Such being the fact, it was a proper element for consideration by the jury in assessing damages, but as above indicated, if it were not so defendant's rights have not been injuriously affected by the attention of the jury being directed to such element of damage. Plaintiff was entitled to recover the "reasonable value of the use and occupation of the premises for the highest and best purposes to which they could have been devoted," as also "the use to which the premises could have been put, as well as that to which they were actually put." Horton v. Cooley, 135 Mass. 589. The instruction states a fair element of reasonable value. Unlawfully withholding possession was a tortious act. For all such acts the law demands full compensation. As applied to a case of this character such full compensation justifies an award for the use of the premises so detained, according to the highest and best purposes for which they could have been used.

The whole record considered, it is apparent that the cause has been meritoriously decided without infringing any of defendants' legal rights, and the judgment of the Municipal Court is affirmed.

*Affirmed.*