122    APPELLATE COURTS OF ILLINOIS.

Whelan v. Massachusetts Bonding & Ins. Co., 205 Ill. App. 122.

## Rev. Father J. Whelan, Appellee, v. Massachusetts Bonding & Insurance Company (Impleaded with William Underwood), Appellant.

### Gen. No. 6,338.

1. INDEMNITY, § 23*—*when declaration in action on building contractor's bond is not demurrable for failure to allege payment of money.* In an action on an indemnifying bond insuring the performance of a building contract, where the declaration alleged as breaches the failure of the contractor to pay for materials which he was bound to furnish for the erection of the buildings resulting in the filing of mechanics' liens, and subsequent further breaches were assigned, and it was alleged that since the commencement of the suit a decree in favor of the parties having mechanics' liens had been entered, and a demurrer to the declaration on the ground that no payment of money was alleged, and that therefore no breach of the bond was shown, was overruled, and the defendant elected to abide by the demurrer and default was entered but no damages were assessed under the original declaration, *held* that the allegations of the declaration were sufficient to cover at least nominal damages, and that the plaintiff had the right to sue for a recovery of such damages when no substantial damages had yet accrued, and that under the Practice Act, sec. 35 (J. & A. ¶ 8572), the plaintiff had the right to recover nominal damages under the declaration, if the averment came within the indemnity clause of the bond, and afterwards, if he suffered substantial damages, could assign additional breaches of the bond to recover such additional damages, and that therefore the original declaration was not demurrable.

2. INDEMNITY, § 23*—*when declaration in action on bond sufficiently alleges delivery to defendant of written statement showing default of contractor.* Where, in an action on an indemnifying bond, the defendant claimed that the declaration was demurrable on the ground that there was no proper allegation of the delivery to the defendant of a written statement of the facts showing the default of the contractor, within ten days of obtaining knowledge of the default, *held* that the allegation, although general in its terms, was not demurrable.

3. PLEADING, § 53*—*when declaration is sufficient as against general demurrer.* An allegation in a declaration alleging performance

*See Illinois Notes Digest, Vols. XI to XV. and Cumulative Quarterly, same topic and section number.

Whelan v. Massachusetts Bonding & Ins. Co., 205 Ill. App. 122.

of precedent conditions in general terms is sufficient, at least as against a general demurrer.

4. INDEMNITY, § 23*—*when declaration in action on bond not demurrable on ground that action is prematurely brought.* In an action on an indemnifying bond where it appeared that certain notices were required to be sent as a condition precedent to the commencement of an action, and where a demurrer was filed on the ground that the action was prematurely brought, *held* that a demurrer would not lie on the ground stated, as it did not affirmatively appear on the face of the declaration that the action was prematurely brought.

5. INDEMNITY, § 13*—*when notice of default waived.* The denial by an insurance company of all liability under an indemnifying bond waives the necessity of proof of any notice of default which may be required by the bond as a condition precedent to the maintenance of an action thereon.

6. INDEMNITY, § 23*—*when declaration in action on bond to insure performance of building contract shows interest of plaintiff in premises.* Where, in an action on an indemnifying bond to insure the carrying out by the contractor of a church and parsonage building contract, it was claimed that no damage could result to the plaintiff, who was the pastor, on the ground that the premises were owned by a bishop of the church, *held* that while the declaration contained allegations that the legal title was vested in the bishop, it also contained averments that the premises were the property of the plaintiff, and the inference properly to be drawn under the demurrer was that the title held by such bishop was held by him in trust, and that the equitable ownership was in the plaintiff.

7. PLEADING, § 215*—*what is effect of demurrer.* A demurrer does not go to the question of damages.

8. INDEMNITY, § 5*—*who may indemnify himself by contract against damage by loss of property.* The holder of any interest in property may legally indemnify himself by contract against damage he may suffer by its loss, and it is not necessary that he should hold the legal title.

9. PLEADING, § 200*—*what is effect of demurrer.* A demurrer admits the averments in a declaration that the premises in question were the property of the plaintiff.

10. INDEMNITY—*when surety on building construction bond precluded from raising objection that declaration does not show ownership of premises in plaintiff.* In an action against a surety company on a bond indemnifying plaintiff against loss under a building contract where, on demurrer, the defendant claimed that the declaration

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Whelan v. Massachusetts Bonding & Ins. Co., 205 Ill. App. 122.

did not show ownership by the plaintiff of the property in question, *held* that the defendant was not in position to avoid the obligation by denying ownership in plaintiff, it having contracted with him for indemnity and received valuable consideration therefor on the basis of his ownership, and in legal effect had obligated itself to pay indemnity on that basis.

11. INDEMNITY, § 23*—*when special pleas to declaration in action on building construction bond are insufficient.* In an action against a surety company on a bond indemnifying plaintiff against loss under a building contract, where the defendant in special pleas alleged that the plaintiff had no right to recover because the damages alleged did not accrue within the required period after the completion of the building, *held* that such pleas were demurrable, as such allegations were mere conclusions and no facts were alleged upon which an issue could have been tried.

12. INDEMNITY, § 24*—*when presumed that time limitation in bond for recovery of damages is waived.* Where, in an action against a surety company on a bond indemnifying against loss under a building contract, it appeared that the bond provided that no recovery should be had for damages accruing after the lapse of a certain specified period, but it also provided that the plaintiff should preserve and exercise all rights provided for his protection by the lien laws, and plaintiff, before suing' on the bond, had contested the question of mechanics' liens, and as such defense could not have been made within the time fixed by the bond, *held* that the defendant was legally presumed to have waived the limitation, and it therefore became inoperative.

13. INDEMNITY, § 23*—*when plea in action on building construction indemnity bond is demurrable as raising question of law.* Where, in an action on an indemnifying bond, a plea was filed raising the question as to whether the limitation fixed in the bond relative to the accruing of damages was not waived or rendered inoperative, *held* that the question was one of law and could. not be raised by plea, and that the demurrer to the plea was properly sustained.

14. INDEMNITY, § 23*—*what defense should be specially pleaded to original declaration in action on building construction indemnity bond.* Where, in an action on an indemnifying bond insuring the performance of a building contract, a default was entered under the original declaration, and additional breaches were assigned after the filing of the original declaration, and defendant claimed that the jury should have been instructed to find for the defendant on the ground that the plaintiff failed to perform and comply with

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a condition requiring plaintiff to exercise and preserve all right provided for his protection by the laws relating to liens, in that he failed to require the contractor to give a verified statement in writing of the names of parties furnishing materials, etc., *held* that if the defendant was entitled to defend upon the ground stated, it was necessary that such defense should have been pleaded specially, and that it should have been pleaded to the original declaration, and as the question of plaintiff's liability had been adjudicated by the judgment on the declaration originally filed, the defendant could not reopen the question of liability in the matter of damages resulting from the alleged additional breaches, and could not reopen the question of its legal liability on the bond, in the motion to direct a verdict.

Appeal from the Circuit Court of De Kalb county; the Hon. CLINTON F. IRWIN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 19, 1917.

MOSES, ROSENTHAL & KENNEDY, for appellant; WALTER BACHRACH, of counsel.

CLIFFE & CLIFFE and PEFFERS & WING, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

The appellee, Rev. John H. Whelan, a Catholic priest in charge of a church and parsonage as pastor at Maple Park, entered into a contract with one William Underwood of Waverly, Iowa, on the 14th of August, 1913, for the purpose of erecting a church building and parsonage, and under the terms of the contract Underwood, the contractor, was to furnish the work and materials necessary to build the church and parsonage, according to the plans and specifications which had been prepared, and to complete the same on or before January 1, 1914, and he was to be paid therefor the sum of $22,880. To secure the faithful performance of this building contract, the contractor, as principal, and the appellant as surety, executed to Father Whelan a bond in the penal sum of $11,440, which bond was to indemnify Father Whelan

against any loss or damage which might result to him from a failure on the part of the contractor to carry out on his part the terms of the building contract.

The church and parsonage were built by the contractor and completed within the time required by the contract, but it was found that the contractor had failed to pay for the materials which he had purchased for the buildings, and which had been used in constructing and completing them. The parties who had sold and delivered the materials for the church and parsonage filed claims for liens under the Mechanics' Liens Act, and commenced suits to subject the premises upon which the church and parsonage had been built to mechanics' liens, which had accrued to them by virtue of the statute because of the failure of the contractor to pay. Thereupon Father Whelan brought suit on the indemnifying bond in question, in an action of debt, in the Circuit Court of DeKalb county, and this is an appeal from the judgment which was rendered in the suit in favor of the appellee and against the appellant for $11,440 debt, and for damages to the amount of $5,965.11.

The suit was brought on the 26th day of May, 1914, against the appellant and William Underwood, the contractor and principal on the indemnity bond, but the appellant was the only party defendant who was served with process, and the suit was afterward dismissed as to William Underwood. The declaration was filed on October 16, 1914, and sets out the articles of agreement entered into with the contractor and the indemnity bond executed by the appellant as surety for the contractor, and alleges, as breaches of the condition of the bond sued on, that the contractor had failed and refused to pay for the materials which, under the articles of agreement, he was bound to furnish and provide for the erection of the church and parsonage in question; that thereby a lien had accrued to

the various parties who had furnished the materials not paid for by the contractor against the premises in question, and that some of the liens had already been filed against the premises. The appellant filed a general demurrer to the declaration, which was overruled by the court. The appellant elected to stand by its demurrer, and a default was entered against it for want of a plea, and judgment that the appellee recover the amount of his debt, and damages by him sustained by reason of the premises, but no assessment of damages was then made.

On April 27, 1916, the appellee made further assignments of breaches of the conditions of the bond, and it was then alleged that since the commencement of the suit certain mechanics' liens against the premises had been prosecuted, and that on the 25th day of March, 1916, the court had entered a decree ordering and adjudging that various parties had furnished materials to the contractor for the erection of the buildings in question, before and during the erection thereof, and before the completion thereof, for which the contractor had failed to pay, and that the various parties were entitled to mechanics' liens, and that the total amount of such liens was $11,440.

To the additional assignments of breaches of the conditions of the bond, the appellant filed five pleas, the first plea being *non damnificatus;* the second plea averred that the additional assignments of breaches of the conditions of the bond were not true; the third plea averred that the alleged damages set forth in the additional assignments did not accrue to the appellee within six months next succeeding the date specified in the contract for the completion of the buildings; the fourth plea averred, in addition to the allegation that the damages did not accrue to the appellee within six months next succeeding January 1, 1914 (the date fixed in the contract for the completion of the build-

128    APPELLATE COURTS OF ILLINOIS.

Whelan v. Massachusetts Bonding & Ins. Co., 205 Ill. App. 122.

ings), that the completion of the buildings was not prevented, delayed or hindered by any strike or other condition beyond the control of the contractor; and the fifth plea averred that the premises in question, which were subjected to the mechanics' liens, set out in the additional assignments of breaches, were not the property of the appellee, but were at all times the property of Peter J. Muldoon, Catholic Bishop of Rockford.

The appellee filed a general demurrer to the second, third, fourth and fifth pleas, which was sustained by the court. A replication was filed to the plea of *non damnificatus* and issue joined, and upon this issue the case was submitted to the jury. The jury found the issues for the appellee, and that the debt due to the appellee, was $11,440, and assessed the appellee's damages at $5,965.11.

At the close of the evidence in the case the appellant made a motion for a peremptory instruction to direct a verdict in favor of the defendant, which was refused. Various errors are assigned by the appellant on this appeal, namely, that the court erred in overruling appellant's demurrer to the declaration; that it erred in sustaining appellee's demurrer to appellant's third, fourth and fifth pleas filed to the additional assignments of breaches of the bond; and that the court erred in denying appellant's motion for a peremptory instruction at the close of the evidence; also, that the court erred in denying appellant's motion to set aside the assessment of damages made by the jury and for a new trial, and in arrest of judgment.

It is contended by appellant that the demurrer to the declaration should have been sustained because the bond sued on is one of indemnity against loss and damage sustained by the appellee, and that the allegations in the declaration do not show a breach of the conditions of the bond, because the appellee, at the

time of the filing of the declaration, had not been compelled to pay any money, and that no payment of money is alleged. It is true that the condition of the bond alleged to have been broken is one to indemnify the appellee against any loss or damage directly arising by reason of the failure of the contractor to faithfully perform his contract, and that there are no averments in the declaration of any payments of money in consequence of any failure on the part of the contractor; and it is true that under the averments of the declaration it does not appear that any substantial damages had been suffered by the appellee in consequence of the breach of the condition; but it also appears from the averments in the declaration that the premises in question were the property of the appellee; that the contractor failed to pay for the materials, which he was to provide, under his articles of agreement, and that by reason of such failure to pay, certain parties obtained liens, or had become entitled to liens, against his property; and these allegations were sufficient for the recovery of at least nominal damages. A demurrer does not go to the question of damages. (*Hill v. Carr,* 186 Ill. App. 515.) The appellee had the right to sue for recovery of nominal damages when no substantial damages had yet accrued. (*Radloff v. Haase,* 196 Ill. 365; *Dent v. Davison,* 52 Ill. 109.) And under the authority of *Lesher v. United States Fidelity & Guaranty Co.,* 144 Ill. App. 632, which was affirmed in 239 Ill. 502, appellee, by virtue of section 35 of our Practice Act (J. & A. ¶ 8572), could recover nominal damages under this declaration if the averment came within the indemnity clause of the bond, and afterwards, if he suffered substantial damages, could assign additional breaches of the bond to recover such additional damages.

We are therefore of the opinion that the declaration was not demurrable upon the ground urged.

But appellant also insists that the declaration was demurrable because, under the terms of the bond sued on, appellee was required, as a condition precedent to his right to recover, to deliver to appellant a written statement of the particular facts showing a default of the contractor, and the date thereof, by registered mail, at its office at Boston, Massachusetts, not later than ten days after appellee, his representative, architect or engineer became aware of the contractor's default; that there is no proper allegation of the delivery of such statement; and that its omission renders the declaration fatally defective. The declaration, however, does aver that the appellee promptly, and within ten days after he, his representative, architect or engineer became aware thereof, notified the appellant by registered mail at its office at Boston, Massachusetts, in writing, of each and all the defaults of the contractor; and that written statements of the particular facts showing each of said defaults, and the dates thereof respectively, and of the neglect to pay either or any of the parties for the materials and supplies ordered and purchased by the contractor for the construction of the improvements mentioned in the contract, of which the appellant became aware as aforesaid, prior to June 8, 1914, and that the appellant accepted and acted upon such notices so given to it, and that by its letter of the date mentioned notified the appellee that there was no liability resting upon it, by reason of the bond in question, and that the appellant would not entertain any claim thereunder.

We are of the opinion that these allegations in the declaration, though general in their terms, are of sufficient definiteness to meet the requirements of the terms of the bond relative to notices of defaults by the contractor. And the allegations are to the effect that the appellant accepted and acted on said notices, and in and by its letter of June 8, 1914, notified appellee

that it denied any liability whatever under the bond in question, and would not entertain any claim thereunder. A general statement in a declaration of the performance of precedent conditions is sufficient, at least as against a general demurrer. In the case of *Colonial Mut. Fire Ins. Co. v. Ellinger*, 112 Ill. App. 302, the rule and practice in this regard is referred to. The court says: "It will be seen from the statement of facts that appellee avers generally the performance of all the conditions precedent, and that the loss did not happen by reason of any of the conditions provided against in said policy. This is the usual and accepted form." To the same effect is *Aetna Ins. Co. v. Phelps*, 27 Ill. 71, and *Continental Life Ins. Co. v. Rogers*, 119 Ill. 486.

The averments in the declaration that notices were sent prior to June 8, 1914, which is alleged to be the date of appellant's letter denying liability, does not justify the inference, which appellant seeks to draw therefrom, that the sending of the notice was not prior to May 26, 1914, which was the date of the commencement of the suit. It is apparent, at any rate, that it does not affirmatively appear in the declaration that the notices required were all sent after the commencement of the suit. To make a declaration demurrable on the ground suggested it should show on its face that the condition precedent was not complied with (*American Exch. Nat. Bank of Chicago v. Seaverns*, 121 Ill. App. 480), and unless it appears affirmatively on that face of the declaration that the suit was prematurely brought, because of noncompliance with the prerequisite condition, the question of the premature bringing of the suit can be properly raised only by a plea in abatement. (*New Home Life Ass'n of Illinois v. Hagler*, 23 Ill. App. 457; *Upton v. Swedish American Hospital*, 157 Ill. App. 126.)

And it is well settled that the denial of all liability

under the bond by appellant as alleged in the declaration waives the necessity of any proof of the notice of default required by the bond as a condition precedent. (*Lohr Bottling Co. v. Ferguson*, 223 Ill. 88; *Hansell-Elcock Co. v. Frankfort Marine Accident & Plate Glass Ins. Co.*, 177 Ill. App. 500; *American Home Circle v. Eggers*, 137 Ill. App. 595; *Phenix Ins. Co. v. Belt Ry. Co.*, 182 Ill. 33; *Aetna Ins. Co. v. Jacobson*, 105 Ill. App. 283; *Erie Fire Ins. Co. v. Hill*, 99 Ill. App. 178; *Northern Assur. Co. v. Chicago Mut. B. & L. Ass'n*, 98 Ill. App. 152; *American Cent. Ins. Co. v. J. B. Henniger & Co.*, 87 Ill. App. 440; *Williamsburg City Fire Ins. Co. v. Cary*, 83 Ill. 453.)

The appellant insists that the facts alleged in the declaration show that the property against which the claims for liens were filed, and which was involved by the mechanics' lien suits pending, was not the property of the appellee, but of Peter J. Muldoon, Catholic Bishop of Rockford, and that therefore it is evident that no loss or damage could result to appellee by the subjecting of property, which was not his own, to the alleged liens. It may be said concerning this contention that the declaration avers that the premises in question against which the liens involved were filed and prosecuted is the property of the appellee. While it also contains averments which show that the legal title was vested in Peter J. Muldoon, as Catholic Bishop of Rockford, there is no inconsistency in these averments. The inference properly to be drawn from the averments is that the title which is vested in Peter J. Muldoon, as Catholic Bishop of Rockford, is held by him in trust, and that the equitable ownership, or right to enjoy the same, is presumable in the appellee.

The right to use and enjoy the premises for life, or for a term of years, would be a sufficient property right to constitute ownership for the purposes of this controversy. And in these rights of property and

ownership, though limited in their character, appellee would have suffered a loss by the enforcement of the mechanics' lien claims. The holder of any interest in property may legally indemnify himself by contract against damages he may suffer by its loss, and it is not necessary that he should hold the legal title. *Home Ins. Co. of New York v. Mendenhall*, 164 Ill. 458. The demurrer admits the averment in the declaration that the premises in question were the property of appellee, and, as has been stated, this averment is not inconsistent with the averment of legal title in the Bishop of Rockford. Moreover, appellant was not in position to avoid its obligation by denying that appellee was the owner of the premises, it having contracted with him for indemnity and received a valuable consideration therefor, on the basis of his ownership, and in legal effect had obligated itself to pay indemnity on that basis.

None of the grounds upon which the appellant based its demurrer was tenable; and the court therefore properly overruled it; and the appellant having failed and refused to plead any matter of defense to the declaration, the judgment was rightfully rendered against it; and this judgment adjudicates the question of the appellant's liability to the appellee, and that the appellee was entitled under it to recover at least nominal damages.

The sustaining of the demurrer to appellant's third, fourth and fifth pleas to the additional assignments of the breaches of the indemnity conditions of the bond was also proper. The third and fourth pleas both allege that the appellee has no right to recover from the appellant, because the damages alleged in the additional assignments of breaches of the contract of the bond did not accrue within six months after the date of the completion of the buildings. This is a mere conclusion, and no facts are alleged in the plea upon which an issue could have been formed to try.

It is an elementary rule of pleading that "every plea should be so pleaded as to be capable of trial, and must consist of matter of fact, the existence of which may be tried by a jury on an issue, or the sufficiency of which as a defense may be determined by the court upon demurrer, or matter of record which is triable by the record itself." (First Chitty's Pleadings, 7th Am. Ed. 573.) The averments constituting the assignment of additional breaches of the bond themselves show that the substantial damages accrued to appellee more than six months after the date fixed in the contract for the completion of the work; but other averments also show that the delay was caused because of the time necessarily required in the orderly course of the legal contest over the question of the right of the lienholders to an enforcement of their liens. The plea, therefore, alleges no new or different facts, but merely raised a question of law, namely, whether the limitation fixed in the bond relative to the accruing damages was not waived, or rendered inoperative because the litigation was required, under the terms of the bond to ascertain the amount and validity of the lien claims, and this question should therefore properly have been raised by demurrer. Inasmuch as the plea merely raised a question of law, and not of fact, it was demurrable. (*Clay Fire & Marine Ins. Co. v. Wusterhausen,* 75 Ill. 285.)

The fifth plea raised the question of property in appellee, and denied liability because the premises in question were not the property of appellee, but the property of the Catholic Bishop of Rockford. This question had already been adjudicated by the court in the case by overruling appellant's demurrer to the original declaration, and the rendition of the judgment on the declaration. The demurrer to this plea was therefore properly sustained.

The court did not err in denying appellant's motion

for a peremptory instruction to direct a verdict for appellant, on the additional assignment of breaches of the conditions of the bond. In this motion appellant attempted to raise the same question which it had raised by its fourth and fifth pleas, namely, that the damages claimed by appellant did not accrue to him within six months after the date of the completion of the buildings. It is true that there is a clause in the bond which provides that no recovery shall be had for damages which accrue after the lapse of six months from the date specified in the contract for the completion of the work; but there is another clause in the bond which requires that the appellee should at all times preserve and exercise all rights provided for his protection by the laws relating to liens of the State wherein said contract was to be performed. One of the rights which appellee was bound, therefore, to enforce was the right to have the question judicially determined whether or not the parties claiming liens were entitled thereto. This is what the appellee did by contesting, in the regular legal form and manner, the enforcement of the liens claimed; and it is evident from the decree which adjudicated the rights of the lienholders, and the liability of the premises therefor, that the defense made by the appellee to the suits for the enforcement of the liens consumed the time which elapsed between the date of the filing of the lien suits (which was before the expiration of the date of completion) and the time of final adjudication of the liability, and the extent of the liability of the appellee, and the premises involved. Inasmuch as, by the terms of the bond, the appellant had bound the appellee to enforce his rights of defense to the claims made, and that such defense could not be made within the time fixed in the contract, the appellant is legally presumed to have waived the limitation, and the limitation therefore became inoperative. (*Stout v. City Fire Ins. Co.*

*of New Haven,* 12 Iowa 371; *Longhurst v. Star Ins. Co.,* 19 Iowa 364; *Ausplund v. Aetna Indemnity Co.,* 47 Ore. 10, 81 Pac. 577.)

But appellant claims that the peremptory instruction should have been given because the evidence shows that appellee failed to perform and comply with the condition of the bond referred to requiring appellee to exercise and preserve at all times all rights provided for his protection by the laws of this State relating to liens, in that he failed to require the contractor, Underwood, under the provisions of the Mechanics' Liens Act to give him a statement in writing, verified by affidavit, of the names of all of the parties furnishing the materials and labor; and of the amounts due or to become due to each; whereby appellant could have avoided liability under the Mechanics' Liens Law. If appellant was entitled to defend against its liability upon the ground mentioned, it was necessary that such defense should have been pleaded specially; and, moreover, it should have been pleaded to the original declaration. The question of appellant's liability had already been adjudicated by the judgment on the declaration originally filed, and it could not reopen the question of liability in the matter of damages resulting from alleged additional breaches; and could not reopen the question of its legal liability on the bond in this motion to direct a verdict.

The record in the case does not disclose any error, and the judgment is affirmed.

*Judgment affirmed.*